Judge Logan
delivered the opinion of the court.
This was an action of ejectment, brought to recover part of a lot in the town of Cynthiana.
Brown; the lessor of the plaintiff, deduces his title thro’ several mesne conveyances from the trustees of said town.
By an act of the general assembly, passed in 1793, after reciting that a town had been laid off on the land of Robert Harrison into convenient streets and alleys, the town was established and the right vested in trustees, who were authorised to sell and convey the lots. The lessor of the plaintiff derives his title under the provisions of this act. The only question made upon the trial below, was, whether it was essential in making out title in the plaintiff, to shew that Harrison had been vested therewith; It is not pfe-tended that the defendant heid under any other grant from the commonwealth, or that any other right existed. And the power of the legislature to pass the fight from the com-mionwealth by statute to trustees'; or, to direct in what manner the proprietor of the land might transfer his title, can surely not be the subject of serious controversy. It is not necessary to inquire, whether the power is án v i t ' i of legislative sovereignty, to vest the estate of one in others, for the purposes Of public convenience and general utillty, without any conveyance or consent from such proprietor: Because, in the present instance, if even this pow-erdid not appertain to legislative authority, it might have been exercised upon its-original fight to grant and pass real
estate, in such manner as was deemed expedient; for the right must originally have been in the commonwealth of Kentucky or Virginia. And if that right had never been transferred, it stiil remained vested in the sanie sovereignty, until the passage of the act of 1793; and might certainly have then been aliened and vested agreeably to its provisions. Or if it had been previously granted to Harrison, (and it is not shewn that it had been granted to any othef *154 person,) it was equally competent for the legislature to direct the manner in which he might vest it in trustees, whether by parol or otherwise. So that in either view, the question is perfectly clear, that the court decided correctly in sustaining the plaintiff's action. The judgment must, therefore, be affirmed with cost.
Bibh for appellant, Hardin for appellee.