JUDGE HARDIN
delivered tub opinion oe tub court.
Richard Hawes, being the owner of the land on which the town of Hawesville, in Hancock County, is now situated, on the 5th day of November, 1827, executed the following writing:
“ This certifies that in case a new county is established I will make a donation of seventy-five acres of land, as far as my right extends, beginning at the mouth of Lead Creek, thence up as far as Mr. McQuady cultivates, and back square from the river; I to give one or two acres for public buildings, the streets, and half the lots, retaining the other half, and the ferry when established. This donation is for the express purpose of a county-seat, and to be for that purpose only. Given under my hand this 5th day of November, 1827. Richard Hawes.”
The county of Hancock .having been established, and the county-seat located as was contemplated, the town of Hawesville was incorporated by an act of the' legislature, approved February 20, 1836, the “ County Court of Hancock and the heirs of said Hawes having petitioned the legislature to establish the town by law;” and the land embraced by a plan of the town was declared by the act to be vested in the trustees of the town for the following uses and purposes:
“ The public square, the streets, and alleys in said town to bei held for the use of the public and the citizens of said town, and the lots to be conveyed by them, or a majority of them, for the time being, to the purchasers at the sale of the lots, or their assignees, upon the production of the certificates of purchase respectively, or to any one, upon the order of the Hancock County Court for any lot designated upon the plan of the town as a donation lot, or upon the order of one or more of the heirs of said Hawes for any of those lots not designated *235 as donation lots; and when said trustees, for the time being, or a majority of them, shall convey any lot in said town, the presumption shall be that they conveyed in pursuance of an order for making the deed by proper authority,” etc.
It appears that in a division of the estate of Richard Hawes there were allotted and conveyed to the children of his deceased son, Aylette Hawes, “all the stone-coal and mines of stone-coal which exist or may be found in and under the lands formerly owned by said Richard Hawes, and of' which he was the owner at his death, and which was devised by his last will in remainder to his devisees, situated in the County of Hancock, together with all and singular the rights of way in, through, or over any of the said lands so owned and devised by said Richard Hawes which may be necessary to the reasonable conveyance and necessary enjoyment of the said stone-coal and coal mines.”
Underlying the ground on which some of the streets of the town were located were beds of coal, which the grantors in said conveyance claimed as part of the property thereby conveyed to them; and their lessees having removed large quantities of this coal by mining under the surface of the streets, its value became the subject of this litigation between the appellants, who claimed it as the trustees of the town, and said children of Aylette Hawes.
In the judgment from which this appeal is prosecuted the court decided that the title to the coal underlying the streets and alleys of the town “did not vest in said trustees, either by donation made by Richard Hawes for the site of Hawesville or by the act of the legislature establishing said town; but, on the contrary, that the right and title thereto remained in Richard Hawes until his death, and passed, by the deed and conveyance made *236 in pursuance thereof, to the heirs of Aylette Hawes, deceased.”
The trustees of Hawesville seek a reversal of that judgment on this appeal.
It is obvious that if the title to the streets and alleys was vested in the trustees, and not merely an easement over them for the use of the public, they owned the coal which was removed from beneath the surface of the streets, and might waive the tort committed by removing it without their consent, and sue for its proceeds as money received for their use.
If it be conceded that the conditional and prospective donation of Richard Hawes imported no more than a dedication of the ground necessary for public use as streets and alleys, and did not per se operate to divest him or his representatives of the legal title, we are nevertheless of the opinion that it was competent for the legislature, with the assent or procurement of Hawes’s heirs, to vest the absolute title in the trustees of the town; and the act of incorporation had that effect. (McMillen v. Brown, 1 Mar. 153; Coleman v. Morrison, ibid. 406.)
This conclusion is not in conflict with the general principle which this court has repeatedly affirmed, that the right of way for a public thoroughfare does not include the title to the ground over which it passes; the authorities cited for the appellees as illustrating that doctrine not being applicable to this case, but to a different class of cases, in which the title of the original owner in the soil and freehold has not been actually or constructively conveyed, and may be retained, and for some purposes enjoyed, consistently with an easement in the public.
'Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.