CASE 23—EJECTMENT—SEPTEMBER 13.

# West Covington v. Freking.

8bu 121
110 700

APPEAL FROM KENTON CIRCUIT COURT.

1. EJECTMENT CAN NOT BE MAINTAINED TO RECOVER THE TITLE AND POSSESSION OF A STREET OR HIGHWAY dedicated by the proprietor of the soil to public use. Indictment or injunction is the proper remedy.
2. In an ordinary action of ejectment title and possession are alone embraced in the issue.
3. If the plaintiff recovers, the defendant is ousted of both title and possession, and he is adjudged to have no interest in the property.
4. One may have the legal title and possession and the public the right of way over the same land.
5. The owner of the land over which a highway passes retains the fee and all the right of property not incompatible with the public enjoyment; and whenever the highway is abandoned the owner of the land holds it without incumbrance. (Angell on Highways, 301.)
6. The owner of the soil not only retains the fee, but he is entitled to all minerals, etc., that may be discovered imbedded in the highway; and such mines may be used or worked by him in such manner as not to interfere with the public use.
7. The owner of the land may maintain his action to recover the title and possession against those who are setting up an adverse claim to it, although he may have parted with the right of way over it.
8. To maintain an action of ejectment the plaintiff must be vested with the legal title, deducible from the commonwealth, or vested in the party suing by some legislative enactment by the consent or procurement of the owner of the soil, or by such a continued peaceable and adverse possession as would vest the title in him.

·9. SUCCESSORS OF TRUSTEES.—Since the adoption of the Revised Statutes the word successors need not be used in the act vesting title in trustees of a town, in order that the title might pass to their successors.

10. IN MAKING SALE OF LOTS THE PURCHASERS BOUGHT TO THE CENTER OF THE STREETS; this vested them with the fee not only to the lots, but up to the middle of the streets.

11. SELLING LOTS BOUNDED BY STREETS IS A PAROL DEDICATION TO THE PUBLIC by the owner of the right to use and enjoy the streets for all the purposes pertaining to such an easement. Such a dedication does not divest the owner of the right to the soil.

JOHN F. & CHARLES H. FISK, . . . . . For Appellant,

CITED

8 B. Monroe, 238, 259, Rowan's ex'rs v. Town of Portland.
8 B. Monroe, 209, Trustees of Augusta v. Perkins.
11 B. Monroe, 163–4, Wickliffe v. City of Lexington.
7 B. Monroe, 680, Giltner, &c. v. Trustees of Carrollton.
8 B. Monroe, 437–44, Trustees of Augusta v. Perkins.
1 Burrows, 75, Goodtitle v. Alker.
3 B. Monroe, 480, Bowling Green v. Hobson. ·
7 B. Monroe, 686, Wickliffe v. Bascom, &c.
3 Bush, 676, Calhoon v. Belden.
2 Session Acts, 1857–8, page 270.
1 Session Acts, 1859–60, page 425.
6 Bush, 236, Trustees of Hawesville v. Hawes's heirs, &c.
1 Marshall, 153, McMillen v. Brown.
1 Marshall, 406, Coleman v. Morrison.
3 Kent's Commentaries, 419, 450.
6 Peters, 431, City of Cincinnati v. Lessee of White.
6 Pickering, 405, Hobb v. Larwell.
2 Smith's Leading Cases, 222, 223.
Revised Statutes, section 1, article 4, chapter 100.
Angell on Highways, sections 25, 312.
Adams on Ejectment, 78, 79.
Charl. Rep. 342, Mayor, &c. of Havana v. Steamboat Co. of Ga.
Washburn on Easements and Servitudes, 2d edition, page 569.
Civil Code, section 675.

STEVENSON & MYERS, . . . . . . . For Appellee,

CITED

18 B. Monroe, 262, City of Covington v. McNickles's heirs.
4 Littell, 119, Trustees of Falmouth v. Horter.
1 Marshall, 153, McMillen v. Brown.

West Covington v. Freking.

6 Bush, 233, Trustees of Hawesville v. Hawes's heirs.
1 Marshall, 406, Coleman v. Morrison.
1 Burrows, 75, Goodtitle v. Alker.
8 Dana, 55, Kennedy v. Covington.
16 B. Monroe, 131, Alvis v. Henderson.
6 Massachusetts, 454, Perley v. Chandler.
28 Pa. St. 355, Woodring v. Forks Township.
2 Metcalfe, 482, Helly v. Donahoe.
1 Connecticut, 135, Peck v. Smith.
36 Barbour, 136, Durham v. William.
2 Morehead & Brown, 1505, Act of 1796.
7 B. Monroe, 680, Giltner v. Trustees, &c.
7 B. Monroe, 681, Wickliffe v. Bascom.
11 B. Monroe, 155, Wickliffe v. Lexington.
    Civil Code, section 152.        Acts of 1857-8, page 270.
    Session Acts, 1849-50, page 239.
    Roll's Abridgment, page 392.
    Angell on Highways, sections 301, 320.
    Revised Statutes, chapter 100, 2 Stanton, 420.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Israel Ludlow died in the county of Kenton many years since, leaving his wife and several children surviving him. He made a last will and testament, by which he left his wife his executrix, and directs her, if necessary, to dispose of a part of his real estate for the payment of debts and the maintenance of his family, designating by his will that portion of his real estate he desired sold. His valuable lands were located near the city of Covington, and his wish was that thirty acres of this land should be sold in lots not exceeding one quarter of an acre each. After his death his widow (A. Ludlow), the executrix, ascertaining that the indebtedness was much larger than the devisor himself supposed, and there being but little property outside the real estate for the payment of the same and the support of her family, filed her bill in equity in the Kenton Circuit Court, with several amendments thereto, asking a sale of a part of the Ludlow farm near Covington for the payment of these debts, etc.

It was alleged that a sale of this land in lots would greatly

redound to the interest of all concerned. A judgment was rendered by that court directing the commissioner to sell the lands for the payment of debts, and before the sale took place he was required to have the same surveyed and laid off into lots. The commissioner, at the instance of the executrix and her counsel, proceeded to lay off the land into lots, some of them containing as much as five and seven acres. In making the division and defining the boundaries of the lots it became necessary to mark off and lay out roads, or streets, to enable the purchasers to have ingress and egress to and from their respective lots. A large number of lots were sold, and many of them left unsold. The streets were laid off so as to be about thirty-three feet in width, and when the sales were made the vendees purchased to the middle of the street, and their lots were so bounded and conveyed. These sales were made in the year 1847. In the year 1858 some of the purchasers subdivided their lots, and by an act of the legislature (passed at whose instance it does not appear), approved February 18, 1858, the town of West Covington was incorporated, and embraced within its boundary the land in controversy. The legal title to all this land, including the whole of West Covington, was originally vested in Israel Ludlow. His widow continued to occupy the lots unsold, and at the institution of this suit was in the possession by her tenant.

The present action is instituted by the town of West Covington, as plaintiff, against B. U. Freking, defendant, alleging that the plaintiff is a town incorporated by the laws of the state of Kentucky as the town of West Covington, located in Kenton County, and that the plaintiff is the owner and entitled to the possession of a tract of land in Kenton County, comprising a strip four rods wide along the entire western line of its boundary, and that the defendant, B. U. Freking, holds the possession of the same without right, etc.; wherefore the plaintiff prays judgment for the land, etc.

On motion of Mrs. Ludlow, Freking being her tenant, she was made a defendant in the action, and filed her answer, denying that the plaintiff was the owner and entitled to the possession of the land.

Upon this issue the case was presented to the jury, and after hearing the testimony on the part of the plaintiff the court, at the instance of defendant's counsel, instructed the jury to find for the defendant, and a verdict was so rendered. The plaintiff then excepted, and filed grounds for a new trial. The motion for a new trial was overruled, and the case is brought to this court by appeal.

The plaintiff now insists that the court erred in the instructions given. There are several questions of minor importance made by counsel for appellant in the case that do not affect materially the rights of the parties, and will not be considered. The controlling question is as to the right of the plaintiff to maintain this action.

The plaintiff introduced as evidence the whole record in the case of Ludlow's executors v. Ludlow's heirs, &c., already referred to, showing the sale of many of these lots laid off by the commissioner; also the conveyances to the purchaser, the width of the street, and the boundaries of each lot; and also that the land in controversy was within the boundary of land divided into lots under the judgment rendered in 1847, and that it was also within the boundary of the town of West Covington. The proof also tended to show that a part of the land described in the petition was a part of one of the streets of West Covington, and that the defendant, by herself or tenant, had inclosed a small part of this street to the extent of a few feet. The act incorporating West Covington was passed in the year 1858. This act confers upon the trustees named the ordinary powers usually belonging to trustees of towns. There is no title to this land vested in the trustees by the act, and the evidence is silent upon this subject.

If the plaintiff has made out such a title as will enable it to maintain the action, the case should have been left to the jury. Many authorities have been referred to by learned counsel on both sides, and without a careful examination would seem to be in conflict upon the legal question presented. This is an ordinary action of ejectment for the recovery of land, and the questions of title and possession alone embraced in the issue. If the plaintiff recovers the defendant is ousted of both title and possession, and the defendant adjudged to have no interest in the property. One may have the legal title to land and the possession, and the public the right of way over the same lands, and these rights are not inconsistent with each other. "The owner of the land over which a highway passes retains the fee and all the right of property not incompatible with the public enjoyment, and whenever the highway is abandoned the owner of the land holds it without any incumbrance." (Angell on Highways, page 301.) Not only does the owner retain the fee, but he is entitled to all the minerals, etc., that may be discovered imbedded in the highway, and such mines may be used or worked by him in such a manner as not to interfere with the public use. The owner of the land may maintain his action to recover the title and possession to it against those who are setting up an adverse claim, although he has parted with the right of way over it.

The authorities presented, when carefully scrutinized, all harmonize with reference to the rule of law applicable to this case. The law is that to maintain this action the plaintiff must be vested with the legal title; this title deducible from the commonwealth, or vested in the party suing by some legislative enactment by the consent or procurement of the owner of the soil, or by such a continued peaceable and adverse possession as would vest the title in him.

In the case of the Trustees of Falmouth v. Horter (4 Litt.

to recover a lot belonging to the town, there was an exhibition of title in the trustees by an act of the legislature procured by the owner of the land. These trustees were named in the act; and having all resigned, their *successors* brought the action, and the case was dismissed for the reason that the act did not vest the title in their successors. Since the Revised Statutes, however, the word successors need not be used to pass title.

In the case of McMillan v. Brown (1 A. K. Marshall) the plaintiff instituted his action, claiming to have derived title from the trustees of the town of Cynthiana. In this case the title to the land was expressly vested in the trustees by an act of the legislature, with the power to sell.

In the case of Coleman v. Morrison (1 A. K. Marshall) the title was vested in the trustees, who instituted the action by the procurement of the owner of the land.

In the case of the Trustees of Augusta v. Perkins the land was condemned, and the title vested in trustees.

In the case of Hawes's heirs v. The Town of Hawesville (6 Bush, 232) the heirs of Hawes had vested the title in the trustees by legislative enactment.

In the case of Rowan's executors v. The Town of Portland (8 Dana) the court decided that the proprietors of the land having sold the lots and laid off the streets, the purchasers and all others may use the streets according to their appropriate purposes, free from all claim of the proprietor inconsistent with that use.

In the case of Wickliffe v. The City of Lexington there was written evidence of the dedication; but the court decided in that case that a parol dedication might be made of the streets for the use of the public, and the owner can not recover in *ejectment* against those claiming the use or the right of way under such a dedication.

Applying the principles of law as settled by these decisions

to the facts of this case, we are satisfied the plaintiffs can not maintain this action. The sales of these lots were made long before any town was laid out or contemplated. The roads and streets were opened for the benefit of the owners of these lots, and also for the use of the public.

In making the sales of the lots the purchasers bought to the center of the street, and paid to Mrs. Ludlow the money for that boundary. This vested them with the fee not only of the lot inclosed, but to the middle of the street. No sales were made of lots on the *west* side of the street, and the title or fee still remains in Mrs. Ludlow. She has never parted with this title by deed or otherwise. The title to the whole street is in Mrs. Ludlow and her vendees, she owning on the west side and they on the eastern side. This title they hold subject to the use of the public. Mrs. Ludlow and her vendees can not deprive the public of this use. This was a parol dedication to the public by Mrs. Ludlow of the right to use and enjoy these streets for all the purposes pertaining to such an easement.

This dedication does not, however, divest her of the right to the soil. An abandonment by the town or the public of these streets would entitle Mrs. Ludlow and her vendees to hold them *free* from any incumbrance. The act of the legislature incorporating the town in 1858 passed no title to the trustees. This act too was passed ten or twelve years after the streets were laid out, and is entirely silent upon the question of title. It does not appear that the defendant aided in the procurement of this act in any way; but on the contrary that the use the public acquired in and over the streets was many years before the town was incorporated.

This is no action to recover a right to pass over the road, or to enforce such a right, but to recover the land itself. No such title is shown as authorizes a recovery. The defendant is the owner and entitled to the possession of the land, subject

to the use by the public for all the purposes for which the streets were laid out and the dedication made. A judgment under the pleadings and proof for plaintiff would be to enable the party entitled to the easement to recover of the rightful owner her absolute property in the soil. The remedy the public has in such cases is by an injunction or indictment.

The verdict of the jury is sustained by the proof, and the court properly gave the instruction.

The judgment is affirmed.