### HOWELL BROS. SHOE COMPANY v. W. W. MARS.

#### No. 3229.

**Chattel Mortgage Held Not Fraudulent.**—Murphy ran a shoe business at Commerce.   In partnership with Manning he ran another house at Fairlee.   The partnership was insolvent.   So was Murphy.   Manning sold out his store at Fairlee to Murphy for his note for $250.   Immediately thereafter Murphy executed to Mars a chattel mortgage upon both stocks to secure certain creditors.   Manning was the eighth in number, and Howell Bros. Shoe Company the nineteenth and last named.   They were the individual creditors of Murphy.   It did not appear that Manning was insolvent. Howell Bros. Shoe Company sued out an attachment against Murphy, under which the goods were seized by Mason, sheriff, etc.   The goods were sold, and Mars brought suit for their value when taken from his possession under the chattel mortgage.   *Held:*

1.   It not appearing that anything would have been left of the partnership assets after payment of firm debts, in which Murphy's individual creditors could have shared, they (Murphy's creditors) could not be injured by the sale and mortgage of the partnership property.

2.   In absence of evidence of Manning's insolvency, it does not appear that the collection of firm debts was hindered or delayed by Murphy's mortgage.

3.   In absence of testimony of fraudulent intent, known by the assignee or the creditors secured, the mortgage could not be set aside as fraudulent.

APPEAL from Hunt.   Tried below before Hon. E. W. TERHUNE.
The opinion states the case.

*Mathews, Neyland & Neyland,* for appellants.—1. "An insolvent firm may not apply the firm assets in payment of the individual debts of the partners, nor can the equity of the firm creditors be defeated by a transfer by one of two copartners of his interest therein to the other.   They

still, as to firm creditors, remain firm assets." Therefore the sale. by Manning of his interest in the Fairlee stock to Murphy, his copartner, and the mortgage by Murphy, whereby he seeks to subject said firm property to the payment of his individual debts, as well as to the purchase price of said firm interest, in preference to the debts of said firm, was a fraud against the creditors of said firm, and authorized said creditors to seize by attachment all of said firm property for the satisfaction of said debts.    Bulger v. Rosa, 119 N. Y., 459, and cases cited.

2.    Where part of the consideration of a mortgage is illegal, the entire instrument is tainted with the illegality and must fall.    Whart. on Con., sec. 509; Perkins v. Cummings, 2 Gray, 258; Wiclor v. Webb, 20 Ohio St., 431; Folly v. Spier, 100 N. Y., 552–558; Saratoga v. King, 44 N. Y., 87; Snyder v. Willey, 33 Mich., 495; Bump on Fraud Con., sec. 364.

3.    If Manning had transferred to Murphy his interest in the Fairlee stock and claims in consideration that Murphy should pay the firm debts, and Murphy by mortgage had preferred said firm debts, said mortgage would have been valid.    But when the transfer is made for money secured in preference to even firm debts by a mortgage then contemplated, such transaction is void against all creditors. Bump. on Fraud. Con., secs. 229, 230; Bulger v. Rosa, 119 N. Y., 459.

*B. F. Looney*, for appellee.— 1.    Partners may agree among themselves for a valuable consideration in good faith that the joint property of the partnership shall belong to one of them; and when this is done it will transfer the whole property to such partner free from the claims of joint creditors.    20 Texas, 726; 65 Texas, 688; Hart v. Blum, 76 Texas, 113; Wait on Fraud. Con. and Cred. Bills, sec. 216; Story on Part., secs. 358, 359, 373.

2.    A deed of trust made to secure several debts owned by different parties, one or more of which are fictitious and fraudulent, will be sustained for the benefit of the true creditors, although the fictitious or fraudulent claim may be displaced.    Morris v. Pearson, 79 N. C., 253 (28 Am. Rep., 315); 1 Jones on Mort., sec. 620; Bump. on Fraud. Con., sec. 385; Hardcastle v. Fisher, 24 Mo., 70; McIntosh v. Corner, 33 Md., 598–607; Feldman v. Gamble, 26 N. J. Eq., 494; Carleton v. Woods, 28 N. H., 290.

HENRY, Associate Justice.—This suit was brought by the appellee to recover the value of merchandise seized and sold by virtue of an attachment sued out by the Howell Bros. Shoe Company.    The appellee was in possession of the property under a chattel mortgage made to him by B. L. Murphy for the benefit of certain preferred creditors at the time of its seizure under the attachment.    At the date of the chattel mortgage Murphy was selling at retail stocks of goods both at

Commerce and Fairlee, Texas.   The business at Commerce was entirely distinct from that at Fairlee, and had been always exclusively owned by Murphy.   The Fairlee concern was owned and conducted by Manning and Murphy, as partners, under the firm name of Manning & Murphy, until Manning sold his interest in it to Murphy, which he did only a few days before Murphy executed the chattel mortgage.   At the date of the execution of the mortgage Murphy was insolvent, and the debts of the firm of Manning & Murphy amounted to more than the value of their assets.   The record is silent in regard to the solvency of Manning.   It appears that before Manning became connected with the business Murphy had been associated with other partners in the Fairlee business, who had retired.   It is not clearly developed to what extent the retiring partners continued liable to the creditors, nor to what extent, if any, Manning made himself responsible for debts created before he became connected with the firm.   But we do not think that a proper decision of the issues presented to us would be affected by the development of such facts.

It appears that Murphy intended, when he purchased the interest of Manning, to make the chattel mortgage which he immediately afterward executed, and that his purpose was known to Manning.   The consideration paid Manning was the note of Murphy for $250.   This note was one of nineteen debts mentioned in the chattel mortgage to be paid in the order of their enumeration.   It was the eighth debt in the order of precedence, while that of the Howell Bros. Shoe Company was the nineteenth.   The last named debt was the individual obligation of Murphy.

The only assignment of error presented by the brief of appellants' counsel reads as follows:   "The court erred in rendering judgment in behalf of plaintiff against defendant Mason, and over against the Howell Bros. Shoe Company and its sureties, because said judgment is not warranted by the evidence adduced on the trial of said cause and the law relating thereto; because the evidence shows that the mortgage under which W. W. Mars, plaintiff in the court below, claimed the goods seized by Mason to satisfy the debt of Howell Bros. Shoe Company was fraudulent, in this:   It made Manning, a recent partner of B. L. Murphy, a preferred creditor of B. L. Murphy for the sum of $250, and provided for its payment in preference to a large amount of the partnership debts, as well as to the debt of Howell Bros. Shoe Company, for satisfaction of which said mortgaged goods were seized. And the evidence also shows that when said Manning & Murphy terminated said partnership, and Murphy contracted to pay said $250 for Manning's interest therein, said partnership was insolvent, and said Murphy contemplated making said mortgage, embracing all his available assets, and had not then sufficient property to pay his debts. All of which appears in the testimony and is not contradicted."

Before the sale by Manning to Murphy, the Howell Bros. Shoe Company, being only an individual creditor of Murphy, had no claim against the interest of Manning in the partnership property. By the sale the partnership effects were made the individual property of Murphy, and thereby became subject to be reached for its debt.

It is not made to appear that if Manning had not sold his interest, and the partnership property had been first devoted to the partnership debts that had a prior claim upon it, there would have been anything left for the benefit of Murphy's individual creditors. Unless they were placed in a worse position by the sale and mortgage, we do not think that they can successfully complain of them. But if the attaching creditor had been a creditor of the partnership, we do not think that a different result could have been reached in this case.

In the absence of evidence showing that Manning was insolvent, it does not appear that the collection of partnership debts could have been either hindered or delayed by Murphy's mortgage. But if Manning was insolvent, and if his debt secured by the mortgage could be held to be fraudulent or fictitious, that would not, in the absence of evidence of knowledge or concurrence of the assignee or the other creditors secured, avoid the mortgage as to them. Hardcastle v. Fisher, 24 Mo., 74; Feldman v. Gamble, 26 N. J. Eq., 494; Mackintosh v. Corner, 33 Md., 598; Morris v. Pearson, 28 Am. Rep., 315; Whart. on Con., sec. 511.

The judgment is affirmed.

*Affirmed.*

Delivered December 11, 1891.