CASE 76—PETITION ORDINARY—DECEMBER 19.

92   407
100   640

# Louisville, &c., Railway Company v. Hess, &c.
## Same v. Liebfried.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. THE FEE IN LAND OVER WHICH A PUBLIC HIGHWAY PASSES is in the owner of the abutting property, and he may maintain ejectment against any person who without right appropriates the land to his permanent use.

2. RIGHT TO RECOVER LAND OVER WHICH RAILROAD IS BUILT.—The owner of land over which a railroad has been built and put into operation may, notwithstanding the public interest in the operation of the road, maintain an action to recover the land, provided he has not by his conduct estopped himself; and the mere fact that he acquiesced in the building of the road until it was completed and put into operation does not amount to an estoppel.

HELM & BRUCE FOR APPELLANT. .

1. An abutting land owner can not recover possession of a public highway. (West Covington v. Freking, 8 Bush, 123.)

2. Where a person who sees another in good faith expending labor and money in making an improvement, believing he has a right to make that improvement, fails to object, he will be afterward estopped from complaining by reason of his failure to speak when he should have done so.

3. Assuming that appellee in this case would have had the right to recover possession from an ordinary individual not engaged in any public service, that right will be denied to him when it is sought to be enforced against a 'public instrument like a common carrier, which is engaged in performing duties, the public have an interest in demanding shall be performed. (I., B. & W. R. Co. v. Allen, 113 Ind., 581; Railroad Co. v. Johnston, 59 Pa. St., 290; Smart v. Railroad Co., 20 N. H., 233; Harrington v. Railroad Co., 17 Minn., 215; Harlan v. Railroad Co., 41 Mich., 336; s. c., 2 N. W. Rep., 48; Maxwell v. Bridge Co., 41 Mich., 453; s. c., 2 N. W. Rep., 639; Midland Railroad Co. v. Smith, 15 N. E. Rep., 256; Brevard v. C., H. & I. R. Co., 17 N. E. Rep., 183.)

G. W. WILLIAMS & SON, SWEENEY, ELLIS & SWEENEY FOR APPELLEES.

1. The owner of land over which a highway passes retains the fee and may maintain his action to recover the possession against persons setting up an adverse claim. (West Covington v. Freking, 8 Bush, 126 ; Angell on Highways, sec. 303.)

2. If a party disregards the mode prescribed by law for obtaining private property for public use and enters upon the property without consent, he is a wrongdoer and can acquire no rights by expending money on the property, nor does the owner lose any right by mere delay. (Lewis on Eminent Domain, sec. 648, and cases cited in note 6.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees own certain land in Daveiss county that abuts on a public highway, and by virtue of that fact they own that part of said highway upon which the

appellant constructed and is now operating its railroad. The appellees instituted their respective actions of ejectment to recover the part of the highway so taken by the appellant.    The lower court having decided that the appellees, as against the appellant, were entitled to the possession of said land, it has appealed from that judgment.

The appellees were, at the time the appellant entered upon said land, the owners of it, which ownership was servient to the public right of way; but they were never divested of the right to the soil, but only to the surface use for the benefit of the traveling public alone; but, as said, the fee remained in the appellees, and whenever the right to the use of the surface ceased the right to said use reverted to the appellees, and they at all times had the right to the use of the soil in any way that suited themselves, if not inconsistent with the right to the surface use by the traveling public.    And they had the right to take any appropriate action against any person or corporation to prevent their interference with their right to the soil or its use, and to recover the land occupied by the highway from any person or corporation that, without right, had seized it or appropriated it to their own permanent use, unless the corporation claiming the right was empowered to excise it by specific legislative grant or by a necessarily implied power resulting from the specific terms of the grant.

The Supreme Court of Pennsylvania, in the case of Phillips v. Dunkirk, Warren and Pittsburgh R. Co., 78 Pa. St., 180, is so clear and explicit upon the very subject here involved, and so well sustained by the authorities, we make the following quotation from it as fully expressing our views: " The land of the plaintiff was sub-

servient only to the public right of way; of the right to the soil he was never divested, but only of the surface thereof, so far as was required for the public convenience. As soon as the common road was vacated, either by legal process or by abandonment, the right to such occupancy revested in the owner of the fee. It is certain then that a private individual would have had no · right, without the consent of the owner, to have occupied the land in controversy by permanent fixtures for his own use *even before* the vacation of the highway. But this corporation, defendant, had no better right in the premises than a private person, unless such right was conferred upon it by some legislative enactment. If it possesses the right claimed it must be found in the power specifically granted, or must result as a necessary implication from the express grant, and if it can neither be found in nor implied from the terms of the grant it does not exist." It is not contended that the appellant did not appropriate the land to its permanent use, nor is it contended that the Legislature had authorized it to thus appropriate it; but it is contended that acquiescence in the construction and operation of said road until it becomes a common carrier will prevent the owner of the land from resorting to his action of ejectment to recover the land from the company, not upon the ground of estoppel, but because its duties as a common carrier have attached, and in the faithful operation of which the rights of the public have intervened, which are higher than the right of the private individual to the title to his own property under those circumstances. The Indiana, &c., R. Co. v. Allen, 113 Ind., 581, is relied upon as supporting this view, which it does support; but we can not agree to the views therein

expressed.  On the contrary, we adhere upon that subject to the views expressed in Holloway v. The Louisville, St. Louis & Texas R. Co., *ante* p. 244.  To the reasoning therein expressed we may add more specifically that the right of the citizen to his own property is paramount to the right of the public to the use of it unless just compensation is made to the owner previous to the taking.  And it seems to us that the public can acquire no intervening right to use an individual's private property unless just compensation is previously made without violating the fundamental law of the State.  But it is not meant to say that the appellees might not estop themselves from claiming the land if the appellant had been induced to build its road upon it by the conduct of the appellees.  (See the case *supra.*)  It is not seriously contended that the appellees were guilty of any conduct that induced the appellants to build their road upon said land.  Upon the contrary the court finds, which is correct, that the appellees instituted their actions of ejectment against the appellant to recover the land before the appellant had completed the road, and their failure to prosecute the same with diligence was not equivalent to an abandonment of their right, nor did the appellant so understand it.  Whether or not the appellant is now entitled to have said property condemned for the use of its road is not decided, because that question is not presented in this record.

The judgment is affirmed.