### Charles v. Phillips.

(Decided March 15, 1918.)

Appeal from Pike Circuit Court.

1.  Highways—Abutting Owners—Fee to Soil Under Road.—The presumption will be indulged, in the absence of anything to the contrary, that the abutting landowner along a public highway owns the fee in the soil under the road.

2.  Highways—Grant of Right to Build Tramway—Easement.—The fiscal court and county authorities have no power to grant an individual or company the right to build and maintain a tramway along the right-of-way of the public road where the county has only an easement and does not own the fee, except by the consent of the fee holder.

CLINE & STEELE for appellant.

J. E. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Alleging that Paris Charles was threatening to enter upon her lands and wrongfully build and construct a tramway for carrying logs over and across her property, Mrs. Susie J. Phillips on February 6th, 1918, instituted this action in the Pike circuit court to obtain a restraining order against Charles, and to prevent his entering upon her lands or constructing the tramway. A temporary restraining order was granted by the clerk of the court, the judge of the circuit court being absent from the county. Upon due notice a motion was made before the Hon. John F. Butler, the regular presiding judge of the district, to dissolve the temporary restraining order granted by the clerk, and upon hearing the

motion was overruled, and an order of injunction entered, restraining Charles from entering upon the lands of Mrs. Phillips and from constructing or maintaining a tramway either over her lands or upon and along the public highway, which runs through her lands. The order granted Charles twenty days in which to apply to a judge of this court for dissolution of the injunction. Accordingly on March 8th Charles entered a motion before me to dissolve the injunction.

The facts, as we glean them from the record, are briefly as follows: Mrs. Phillips owns a tract of land on John's creek, in Pike county, which was conveyed to her by her husband, John F. Phillips. Recently Paris Charles, a lumberman, entered into negotiations with timber owners for the purpose of acquiring a large number of timber trees on John's creek, below the farm of Mrs. Phillips. Before purchasing the timber Charles consulted John F. Phillips, the husband of appellee, concerning the granting of a right of way over which to convey the logs in case the timber was purchased. After some consideration of the matter Charles and Mr. Phillips agreed upon a right of way and the consideration to be paid by Charles for it; Mrs. Phillips, however, was not a party to this agreement. Relying upon this arrangement with Mr. Phillips, Charles purchased the timber at a cost of many thousand dollars. He then started in to survey, preparatory to constructing a tramway for carrying the logs; he then learned for the first time, as he asserts, that Mrs. Phillips instead of her husband, owned the land. At any rate he made no effort to ascertain who was the proper owners of the land before he made the investment, nor does he claim Mrs. Phillips' deed was not properly recorded in the clerk's office at the county seat. A survey was made for the tramway and stakes driven. Mrs. Phillips, conceiving that Charles and his agents were about to enter upon her lands to construct the tramway, instituted this action.

While the petition seeks only to enjoin Charles from entering upon the lands of plaintiff and constructing a tramway, the answer of Charles, after setting forth an agreement between Charles and John F. Phillips, husband of appellee, whereby Charles was to have a right of way over and across the lands in question for the purpose of transporting his logs, denies his intention or purpose to enter upon the lands of Mrs. Phillips, but

asserts it is his purpose to build and construct along the edge of the public highway, running through the lands of Mrs. Phillips, a tramway for the purpose of conveying his logs and that he has entered into a written contract with the county authorities whereby he is granted the privilege of constructing and maintaining such tramway. It is further alleged that the fiscal court of Pike county entered an order at its January term, providing for the letting of parts of the highways of the county for the construction of tramways, or other means of conveyance, and in pursuance of the order of the fiscal court the contract upon which he relies was entered into with the agents of the fiscal court. The allegations of the answer are traversed of record.

It may be conceded that the contract between the fiscal court of Pike county and Paris Charles invests Charles with all the rights which the fiscal court possesses with reference to the construction or maintenance of the tramway along the public highway at the point named. Mrs. Phillips, however, denies the right of Charles to construct or maintain a tramway on the right of way of the public highway, alleging that she is the owner of the fee under the highway and that the county has only an easement or right to use the lands for the purposes of public travel, and that a tramway, such as is contemplated by the contract between the fiscal court and Charles, is a burden upon the servient estate not contemplated by or included in the grant to the county. By agreement of parties the record shows that the highway passes through the lands of Mrs. Phillips and that she is the abutting landowner on both sides of the highway in controversy. The record does not show, however, how the county acquired the right of way from Mrs. Phillips or whether it is an absolute grant or only an easement and right of user. In the absence of a showing on this subject, this court has held that the presumption is that the county only has an easement and not a fee in the road bed. In the case of Waller v. Syck, 146 Kentucky 186, this court held: "As to whether the ground occupied by the old road was owned by the county or by appellants, the record does not show. But, in the absence of any showing to the contrary, we will presume that the county only acquired an easement over the ground occupied by the old road for the use of the public; and, this being so, when its use was abandoned by the county, the ground that was

occupied by the road reverted to the appellants, who own the land on both sides of and over which it run. It is very well settled that when land is taken for a highway, the owner is entitled to the land, subject to its use by the public; and, when it ceases to be used by the public, the right of the owner to it becomes fixed. West Covington v. Freking, 8 Bush 121; Bradbury v. Walton, 94 Ky. 163; Louisville, etc. R. Co. v. Hess, 92 Ky. 407.

Following this, there being nothing to the contrary, we must presume that Mrs. Phillips is the owner of the fee under the highway mentioned. The only question remaining (which need here be considered) is, may an individual under a contract with the fiscal court construct and maintain a tramway along the right of way of the public road in which the county owns an easement only, without the consent of the fee holder? This court has twice held that such construction and maintenance of a tramway or other similar burdens upon the servient estate is not allowable. Ward v. Triple State Oil & Natural Gas Co., 115 Ky. 725; Payne's Guardian, &c. v. Caylor Oil & Gas Co., 133 Ky. 614. In discussing the question in the last case it is said: "The analogy is attempted to be extended by the argument that, if the coal dealer was entitled to haul his coal by wagons, or, if practicable, if appellee hauled its gas in transportable retorts, there would be no question of their right to use the highway for such purposes; and as the means adopted is an improved one, and really imposes a less burden upon the highway, and therefore upon the fee, it ought not to be excluded from the easement. But it is not true that, because a man has a right to haul his wares over a highway, he may erect thereon permanent means of transporting them. A logger would not be allowed, for example, to erect skids along the highway to more easily draw numerous logs over it, instead of hauling them in wagons; nor do we apprehend that a coal miner, or any manufacturer, would be permitted to build a tramway upon and along the highway to expedite and cheapen the transportation of his product, although to do so would tend to relieve the highway of a different and lawful means of travel by him for its movement. . . . . The owner of the fee by contract or legal compulsion has granted an easement to the public for its travel over his land. The public must be confined to the route selected, as well as to legitimate public uses of the kind embraced in the easement. To

allow the public highway to be taken for every use which was of a public nature, simply because it had been acquired by the public for a particular use, would be to add to the contract of the parties, and to deprive the citizen of his property without compensation."

The grant to the public over the lands in question was of a roadway for public travel only, and the county itself has no right or authority to erect or maintain upon the right of way thus granted any building or structure inconsistent with the use or the way for public travel. And, it therefore can not grant to another such privilege or right. The rule is different, however, where the county acquires the fee to the land over which it constructs its highway. In such case the fiscal court may grant to another the privilege of occupying some part of the right of way, provided such occupancy by the individual does not interfere with the free use of the public; nor can the abutting landowner complain.

Adhering to these settled rules of law, we are of opinion that the trial court did not error in overruling the motion to dissolve the injunction; nor in granting to appellees an injunction restraining Charles from constructing the tramway along the right of way of the public road. The motion entered here, therefore, must for like reasons be denied.

Chief Justice Settle and Judges Miller and Hurt sat with me in the consideration of these questions and concur in the conclusions reached.