## Ward v. Butcher, Judge, et al.

(Decided June 18, 1929.)

·WELLS & WELLS for appellant.

Z. WELLS for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing in part and affirming in part.

This litigation involves the right of appellant, Dwain Ward, to obstruct about 100 feet of an old road-bed. Although the county judge and other members of the fiscal court and the sheriff of Johnson county are parties to the suit, the controversy is really between the appellant and appellee Eliphus Preston. For brevity and a clearer presentation of the facts, a sketch of the situation is presented:

Before 1888 the county road extended along the line A-B-1-2-3-C. About that time appellant's father and

predecessor in title, G. W. Ward, leased to George Perry a site on a waterfall on Greasy creek for the erection of a mill and a dam, which is indicated on the diagram as M and D. The dam caused the water to back up over a passway from Preston's home to the county road at 3. In settlement of a controversy arising over this condition, Ward granted Preston a roadway on the upper side of the creek along the side of a hill indicated by the line 1-5-4. Preston accepted the road and assisted in building it. This route was used by him and his family continuously until 1926, except that in recent years, when the stage of the water permitted, they crossed the creek at the old place. In 1905 Eliza and Joe Stepp acquired from G. W. Ward some portion of land and an interest in the mill site. They had the county road changed, so that it ran along the line A-B-C. They also conveyed to Preston on May 19, 1905, a small parcel of land lying on both sides of the creek for $20, a beech stump at the figure 3 on the diagram being a corner of this parcel. It is further stipulated in the deed that Preston should not complain or hold any one responsible for damage which he might sustain by reason of the repair of the mill or mill dam. It is further provided that Stepp should "not interfere or obstruct the creek at the lower end of this piece of land so as to prevent Preston from watering his stock or getting to the creek on his own land;" and, further, that Preston had the right to cross the creek "and go on Stepp's land so as not to interfere with the mill right where the *old road was*." The apparent purpose of this deed was to give Preston access to the water. It likewise recognizes that there was *formerly* a road from point 3 down to the mill. About four months after this deed was made, the Stepps reconveyed this land to Ward, but stipulated that it was subject to the rights which had been conveyed to Preston.

Early in 1926, because of the use of this old road by certain persons coming down Two Mile creek and on to a private passway 6 to 4, thence along 3-2-1-B, as appellant claims, he erected a fence across the old road at a point between 2 and 3. It appears that Ward was tried by the county judge and a jury on the charge of obstructing this passway and was acquitted. Thereafter the Johnson fiscal court, by order, directed the removal of the fence, and the sheriff was directed to carry out the order if appellant did not. Ward then instituted this proceeding seeking an injunction restraining those of-

ficers from carrying out the order. Preston was made a party and the issue as to the right so to interfere with the old roadway between points 2 and 3, a distance of about 100 feet, was litigated. The judgment enjoined appellant from obstructing this strip of land and awarded appellee $1 as damages which he had sustained by reason of the obstruction. Preston cross-appeals on the ground that he is entitled to substantial damages.

It does not appear that the roadway from 3 to 4 was ever a part of the county road which before 1905 extended along B-1-2-3-C. There is in the record this order of the Johnson county court, made on May 1, 1905:

"Joe Stepp having been appointed at last term of this court to make this change, this day appeared in open court and reported said change completed. Whereupon, the court being satisfied ordered that said change be, and the same is hereby accepted and made part of the public highway of this county, it being understood and so ordered by the court that the old road from the intersection with said change of road near the Moses Walls place to the Wash Ward mill be kept open and preserved as part of the public highway of this county, and this cause is filed away."

The part of the old road directed to be preserved is the line B-1-2 on the diagram. It would have been better to place in the record all of the orders of the court respecting this change but it may be presumed that necessary steps were taken and orders made with respect to the material change in the county road. It is manifest that there was an abandonment of the old roadway beyond the mill as a county or public road and this reinvested the owner with the right of possession. Louisville, etc., R. Co. v. Liebfried, 92 Ky. 407, 17 S. W. 870; Waller v. Syck, 146 Ky. 181, 142 S. W. 229. This strip of land has since been used and controlled by appellant and his predecessor as their own, and the abandonment appears to have been recognized by appellee Preston, not only from parol evidence, but in the deed from Stepp to himself above referred to. We are convinced his subsequent use was a permissive one. This case may be distinguished from Rockcastle County v. Norton, 189 Ky. 690, 225 S. W. 1079, and other cases relied on by appellant, in that it did not appear in those cases that any action had been

taken by the county court in relation to the alteration or discontinuance of the old road. The fiscal court, therefore, had no jurisdiction over the portion of the old road in controversy and was, therefore, without authority to direct the removal of the fence.

Taking into consideration all the circumstances above outlined and other evidence not reviewed, we are of the opinion that the lower court erred and that appellant had the legal right to build the fence across the strip of ground. Of course, we are not concerned with his failure to observe good neighborship by continuing to permit his old friend and neighbor, Preston, to use this small strip of land, which is practically worthless. Such action causes great inconvenience to the appellee and little or none at present to the appellant. His excuse is an intended reconstruction of the mill and the dam, which it appears were washed out in the year 1912.

The judgment is therefore reversed on the original appeal, and affirmed on the cross-appeal.