## Tudor et al. v. Shannon et al.

March 12, 1943.

E. Selby Wiggins and Chenault, Shackelford and Parrish for appellants.

J. J. Shannon for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The defendants, Mrs. Virginia Hisle Shannon, her husband J. J. Shannon, and J. B. Arnett, among other defenses, pleaded that of res adjudicata in answer to the suit of Price Tudor and the intervening petitioner, Robert B. Turley (who purchased Tudor's land while the suit was pending), to require the defendants to remove a gate in an alleged public county road and for a judgment that the plaintiffs and the public have a right to the free and unobstructed use of the road. The defense was sustained and the petition dismissed. Plaintiffs appeal.

The road is described as beginning at a point near the northeast corner of plaintiff's farm and running westwardly between his land and that of the defendants Shannon, and between their land and that of the defendant Arnett, to its intersection with what was formerly known as the Richmond and Big Hill turnpike, now U. S. Highway No. 25. This was part of a longer road, the manner of the establishment of which is buried in oblivion. The larger part of that road was closed by an order of the County Court of Madison County in the year 1867. This was done, as we gather from the record, because of the establishment of the Irvine pike, now State Highway No. 52, and the Richmond and Big Hill turnpike. The reservoir which supplies water to the city of Richmond was shortly thereafter constructed so as to cover a part of the closed road. In 1892 suit was filed by Owen McKee, then owner of the Shannon land, against J. H. Boggs, then owner of the Tudor land, which involved the right of the parties to maintain fences and to obstruct this part of the old road. After considerable proof was taken an agreed judgment was entered on April 7, 1894, concerning the rights of the parties with reference to the road and adjudging that it "shall remain perpetually as a public road." It was further adjudged "that said McKee his heirs and assigns may erect at his expense a good and substantial gate across said road at point between Rice and McKee's corner, and the fence shall be built from Boggs line by McKee so as to connect with the gate." A gate has been maintained at the point ever since. It is that which the plaintiffs seek to have removed.

The appellants recognize that the judgment is bind-

ing upon them as being in privity with the parties to that action, except they question the right of the individuals to have a county road closed without the county being a party to the suit. They submit the proposition that "once a county road, always a county road" until legally abandoned by proper authorities, which was never done; that the private parties had no right to agree that a county road should be obstructed. The proposition is supported, in part, by Rockcastle County v. Norton, 189 Ky. 690, 225 S. W. 1079. Waiving the question of the appellants' right to attack the judgment collaterally as it affects them, we think the judgment correct as an original proposition. It is not proved that this particular section of the road was ever closed by order of the county court, but it is proved that perhaps as far back as 1867, and certainly as early as 1892, the county never regarded this as a part of its road system. It was at most left as a public passway. Appellants rely upon Brown v. Roberts, 246 Ky. 316, 55 S. W. (2d) 9, and Maggard v. Breeding, 290 Ky. 701, 162 S. W. (2d) 523, in which it is held that there can be no legal abandonment of a county road except in conformity with the statutes. Before the enactment in 1914 of Sec. 4287 et seq., Ky. Stats. (now KRS 178.010 et seq.) where the county merely changed the location of an old road or opened a new one to serve the same public and actually abandoned the old, there was an effectual legal abandonment. Waller v. Syck, 146 Ky. 181, 142 S. W. 229; Ward v. Butcher, 230 Ky. 138, 18 S. W. (2d) 963. That was the effect of the old judgment; and, although the county was not a party to the suit, as it is not to this one, those who were parties and who hold title under them are bound by it.

Wherefore the judgment is affirmed.