## Rose, Judge v. Nolen, et al.

(Decided October 21, 1915.)

### Appeal from Whitley Circuit Court.

1. Highways—When a Charge on the County—Establishment of.—
Under sections 4287 and 4295 of the Kentucky Statutes, it is
necessary that a highway should be established by order of the
county court before it becomes a part of the system of public
roads in the county and entitled to its share of improvements
and repair, and, although a road may have existed for many
years and have been used continuously by the public, this does
not constitute it a public road within the meaning of the statute.
2. Highways—Use of Road by Public—Effect of—Although the
County Has Never Established It as a County Road.—The failure
of the county to establish a road used by the public as a county
road does not deprive the public of its use as a highway if, in-
dependent of the statute, the conditions surrounding its use are
such as to create in the public a right to its use.

TYE, SILER & GATLIFF for appellant.

BRYANT & LAWSON for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Nolen, for himself and other citizens of
Whitley County brought this action for a mandamus
against the appellant Rose as judge of the Whitley
County Court.

The petition alleged, in substance, that the fiscal court
of Whitley County had, by order of court, directed the
public roads of the county to be worked by citizens in
accordance with the statute. That the judge of the
county court had divided Whitley County into road pre-
cincts, fixing the boundaries for the same, allotting the
citizens subject to road work to work in their respective
precincts; also appointing overseers for the roads. That
there was a public road in Whitley County about two
miles in length leading from the Jane Lay crossing to
the mining camps of the Proctor Coal Company. That
the judge, in dividing the county into road precincts, fix-
ing the boundaries thereof and allotting hands and ap-
pointing overseers thereon, did not include this road in
any of the road precincts or appoint an overseer there-
for or allot hands thereto, and refused to do any of these
things. A writ of mandamus was prayed against the

judge directing him as county judge to assign the road to a precinct, appoint an overseer therefor and allot hands thereto.

The answer of the judge was merely a traverse of the averments of the petition.

There was an agreed stipulation of facts showing that this road, which it appears had never been accepted by the county as a road, was fenced on both sides for nearly all of its entire distance, and had been used peaceably, continuously and openly by the public generally for more than fifteen years next before the commencement of this suit. That in fixing road precincts, appointing road overseers for each precinct and allotting hands to work on each road, the judge did not put this road in any road precinct, or appoint an overseer therefor, or allot hands thereto.

The circuit judge directed a writ of mandamus to issue compelling the county judge to set apart this road in a road precinct and appoint an overseer therefor and allot hands thereto. From this order the county judge appeals.

The road in question had been used by the public for a sufficient period of time to constitute it a highway, with the right of free travel thereon as between the public and the owners of the soil over which the road runs. But this use by the public did not impose on the county the duty of keeping the road in repair as a part of the system of public roads under the control of the county.

Section 4287 of the Kentucky Statutes provides in part, that "All public roads heretofore established by the several county courts, which have not been vacated according to law, are hereby declared to be public roads, without regard to any informality in the order of the county court by which they were established." And Section 4295 reads in part: "Every public road * * * heretofore established and opened pursuant to law, and which has not been lawfully discontinued or vacated shall continue as such, until properly discontinued, and every road * * * used and occupied as a public road * * * shall in all courts and places be taken and deemed to be a public road whenever the establishment thereof as such may come in question."

Under these statutes before the county is charged with the duty of maintaining a road used by the public, it must be established or accepted as a road by the

county. The mere fact that the public use a road and have used it for such a period of time as to give them the right to its use, does not impose on the county the duty of maintaining it as a county road. It is with the county to say what roads it will assume the control and maintenance of, and until it does assume such control and maintenance by regular action of its authorities, a road, although used by the public, does not become a part of the system of the roads of the county in the sense that the county may be compelled by mandatory process to repair or improve it or recognize it as a part of its road system.

The Act of 1914, sections of which we have set out, changed the rule laid down in Riley v. Buchanan, 116 Ky., 625, and other like cases, as to what acts of the county will be sufficient to constitute the acceptance of a public road as a part of the recognized system of roads in the county. It will be noticed that section 4287, *supra*, declares that "all public roads heretofore established by the several county courts, which have not been vacated according to law, are hereby declared to be public roads, without regard to any informality in the order of the county court by which they were established." This section contemplates that before a road opened to the public shall be recognized as a county road, entitled to its share of improvements and repair, it must have been established by order of court. So that although a road may have existed for many years and have been used continuously by the public, this does not constitute it a public road in the meaning of the statute. The Legislature evidently intended by this statute to change the manner in which roads might be treated as having been accepted by the county as public roads, and to make it a prerequisite to their recognition as county roads that they should be established as such by an order of court, and it appearing that this road had never been established by the county court, it follows that the county judge could not be compelled by mandamus to allot hands or appoint overseers to work it.

The failure, however, of the county to establish a road used by the public as a county road does not deprive the public of its use as a highway if, independent of the statute, the conditions surrounding its use are such as to create in the public a right to the use. The statute was not designed to interfere with the settled law of the State as announced in numerous decisions of this

court respecting the right of the public to the use of roads. It was only intended to make appropriate action by the county necessary to the establishment of the road as a part of the road system of the county.

Wherefore, the judgment is reversed, with directions to dismiss the petition.