## Mills, et al. v. Dawson, et al.

(Decided February 2, 1923.)

### Appeal from Logan Circuit Court.

1. Highways—Establishment.—A public road may be established pursuant to the terms of the statute provided therefor, or the land may be dedicated by the owner, either by parol or in writing, and, if accepted by the proper authorities and the road established it will become a public road equally as much so as if established under statute.

2. Highways—Establishment—Abandonment.—After legal establishment in either of the modes pointed out, a public road cannot be abandoned except in the manner provided therefor by statute.

3. Highways—Limitation of Actions—Subjects and Titles of Acts.—Limitations do not run against the public or a member thereof in favor of an obstructor of a public road (section 2547 of the statutes) until a written notice is given to the proper public authorities that the obstructor is an adverse occupant of the road, and that section was not repealed by section 89, chapter 80, Acts 1914, which is now section 4356s, 1922 edition of the statutes, though expressly attempted thereby, since the title to that act did not conform to the provisions of section 51 of the Constitution so as to render the repealing section of the act valid, and it did not repeal the section (2547) by implication.

4. Highways—Dedication.—A dedication made by the owner of the equitable title to land is sufficient, and his dedication may be ratified by the holder of the naked legal title, and such ratification occurs when the latter stands by without objection and observes the opening of the road and participates in its use as a member of the public and afterwards deeds it to the holder of the equitable title who dedicated it.

5. Highways—Estoppel.—A member of the public cannot be estopped to insist on the maintenance of a public road as may be the owner of a private passway, as held in the case of Trimble v. King, 131 Ky. 1.

6. Highways—Objection to Judgment Ordering Maintenance.—Obstructors of a public road cannot complain of a judgment ordering it to be maintained at a width of 16 feet instead of 30 feet, as now provided by statute, enacted since the opening of the road, or less

than the width when it was originally created, since the error, if any, operated to the advantage of the defendants instead of to their detriment.

OSCAR M. SMITH and S. R. CREWDSON for appellants.

SELDEN W. TRIMBLE and COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Some of the appellees and plaintiffs below own land abutting on what is alleged in the petition as a public road in Logan county and known as the Mills road, and which runs practically east and west and immediately adjacent to the south side of the right of way of the Louisville and Nashville Railroad Company, and being that part of the road between Ferguson station (formerly known as Whippoorwill station) and Young's crossing where Poors Mills road crosses the railroad track about one-half mile slightly south of west from the station referred to. The other plaintiffs own land in the immediate vicinity of that portion of the road involved and have used it as members of the public, and especially as an ingress and egress in travelling to and from their homes to places designated in the statute as grounds for opening a private way.

The action was filed to enjoin defendants who owned land abutting on each end of that portion of the road involved from obstructing it and to mandatorily require them to remove obstructions already put in it upon the ground that the road was a duly constituted public one and had never been legally abandoned. The answer denied the averments of the petition and further pleaded an abandonment of that portion of the road involved, if it had ever been a public one, and also relied on facts which it is claimed under the doctrine of the case of Trimble v. King, 131 Ky. 1, created an estoppel against plaintiffs from insisting on the relief demanded. Limitation was also relied on. Appropriate pleadings made the issues and after extensive preparation the case was submitted and the court by its judgment granted the relief sought to the extent of ordering the road unobstructed to the width of 16 feet, though the petition alleged that, as originally dedicated in 1866 and legally opened and accepted in 1867, it was 30 feet wide. From that judgment defendants appeal and rely on a number of errors as grounds for reversal. We shall dispose of the material ones in the course of this opinion.

It is first insisted by defendants that the portion of the road in controversy was never a public one, while plaintiffs contend that on September 24, 1866, after the railroad had been constructed in 1858, the owners of the land, over which the portion of the road in controversy ran, and others over which its extensions ran filed a paper with the Logan county court duly executed by them whereby they dedicated to the county in writing the necessary ground for the road and that the county court accepted the dedication of record, and opened the road and took charge of it by appointing overseers and having it worked continuously thereafter, or at least till up to the year 1898. It is proven that the written dedication is lost, but an order of the county court of the date mentioned is introduced, which reads: "L. H. Ferguson, D. C. Carr, Levi Mills, J. W. Morrow and David King, through whose lands the roads from the crossing of the Poors Mills road to the R. R. depot at Whippoorwill station, also the road from depot to King's shop, passes having acknowledged in writing their right of way, said roads are ordered to be established. And it is ordered that Levi Mills be appointed overseer to cut out and open up said roads with all the hands on the original boundary." Some of the persons therein named owned at that time all the land now owned by defendants. The appointed overseer, Levi Mills, made his report on August 26, 1867, which was accepted of record, the order being in these words: "The report of Levi Mills, overseer appointed to cut out and open up road to Ferguson station was received and approved." Other orders are introduced following that time whereby successive overseers were appointed over that portion of the road in controversy, and some of them were afterwards indicted and convicted for failing to properly work it, while at least one of the defendants, as late as 1920, was arrested upon the charge of obstructing the road, though he was not convicted because of mitigating circumstances, as is recited in the judgment of the county judge before whom he was arraigned.

Under numerous cases from this court, the latest of which is Rockcastle County v. Norton, 189 Ky. 690, it was held that a public road may be established, without conforming to the formalities prescribed by the statute for the condemnation of land to enforce the opening of a road, by parol dedication of the owners followed by the record acceptance of the county, and it follows as a mat-

ter of course that such a dedication, when duly accepted, will be binding on all parties though the dedication is in writing instead of by parol, and this conclusion meets the contention of defendants that the formalities of the statute in the establishment of the road were not complied with. Neither do we attach any importance to the fact that the written dedication was not produced. One successful answer to that contention is, that if it is competent to prove by oral testimony a parol dedication, as held in the Norton case, *supra,* the same rule would apply where there had been a written dedication, but which was lost. Another equally effective answer is, that the recitation in the order that the written dedication was made will, especially after the great lapse of time, be taken as true and that the court recited the facts in its order of acceptance.

At this point, however, it is insisted that Levi Mills, one of the dedicators, did not possess the title to that portion of his alleged land over which the road ran and some of which is now owned by defendants. It is in proof, however, and not denied, that he had purchased and paid for the land but the deed to it, from some unexplained cause, was executed to his father, John Mills, who in 1874 conveyed it to Levi Mills, which, if true, and we are not authorized to find the fact otherwise, would render his dedication valid, since he was the equitable owner of the land at the time of the dedication, his father holding only the naked legal title for his use and benefit. Independently of that fact, however, we would be very much inclined to hold, under the undisputed facts, that his father, John Mills, adopted and acquiesced in the dedication attempted to be made by his son, Levi, and that the privies of the former, who had knowledge of such acquiescence, would be bound thereby. We, therefore, conclude that plaintiffs conclusively showed the portion of the road in contest to be a legally established public road.

It is next insisted by defendants that if that be true the county by its duly constituted authorities in 1898 established another public road running from the bridge over Whippoorwill creek near Ferguson station in a southeast direction and along the bank of that creek to the point where Poors Mills road fords that creek and it thereby abandoned the road in contest, since after that time the latter road practically ceased to be worked by an overseer with allotted hands. It is shown, however, in the opinion in the Norton case, *supra,* as well as in

the case of Wilson v. Pioneer Coal Co., 191 Ky. 408, and others referred to therein, that the county authorities may not abandon a duly established public road in any such fashion. Those opinions hold. that "once a public road, always a public road," unless it is abandoned in the manner pointed out by the statutes enacted for the purpose, the sections of which are referred to in those opinions and will not be recited here. So that, if the facts relied on were sufficient to manifest an intention to abandon the road in contest, but which we do not find to be true from the evidence, it would then follow that the intended abandonment was without effect and that the supposed abandoned road continued thereafter to remain a public one.

It is furthermore argued that the road, as originally opened, was on the right of way of the railroad company and not on any of the abutting lands. The chancellor, however, found to the contrary, and without reciting the testimony, we find it abundantly sufficient to sustain him. It is true that on occasions and at some places in the road, which had been a traveled way for nearly 75 years, would deviate around mudholes or other obstructions and for a time at least portions of it would be on the railroad right of way, but such facts can not be distorted so as to effectually deprive the county and the public, whom it represents and serves, of the right to use that portion of the ground which was dedicated and accepted as a public road. We, therefore, attach no importance to this contention.

It is next insisted that plaintiffs are estopped, under the doctrine of the Trimble case, *supra,* to maintain the action, since it is claimed that they stood by and watched defendants improve their lands covered by the road, but this contention is unsupported by the facts, even if this case should be governed by the doctrine of the case referred to, which is evidently untrue. The only improvements made by any of the defendants as a basis for the alleged estoppel was the digging of an alleged pond by defendant, C. L. Mills, on a portion of the roadway on his farm, and the possible fact that one or two forest trees would have to be removed in opening the road as the court adjudged, and, possibly, the removal of a few fruit trees which he planted since he first obstructed the road some fifteen or twenty years ago. The testimony largely preponderates that no trees of any kind would be removed, since none are in the adjudged roadway; and the

pond constructed by the same defendant is shown by the preponderance of the testimony to be a small and insignificant affair and is really but one of the mudholes which formed in that portion of the road while it was open and being used. But, if the facts were otherwise, the Trimble case dealt only with a private passway and not a public road. The passway in that case was private property and its owners could estop themselves from insisting on its maintenance and thereby become deprived of any rights therein as they would be with reference to title to any other property. Not so, however, with a member of the public with reference to a public road, since in that instance, if his action could be given the effect contended for, he could estop himself from using the road while others who were not guilty of the estoppel could insist on its maintenance, and if all the members of the public should become so estopped, except the constituted road authorities of the county, then it would be possible for the members of the public to close up and abandon a public road contrary to the wishes of those authorities, as well as contrary to the forms prescribed by law.

Another argument is, that C. L. Mills has obstructed the east end of the portion of the road in contest for more than fifteen years, and as to him the statute of limitation is relied on. This contention, however, overlooks the fact that section 2547 of the statutes expressly declares that "Limitation shall not begin to run in favor of any person in the possession of any public road, or any part thereof, until written notice shall be given to the county court of the county in which the road is situated, that such possession is adverse to the right of the public to the use of such road;" and it is not pretended that any such written notice was ever given by either of the defendants or any one else. But it is insisted, that the section last referred to was repealed by section 89 of chapter 80, page 338, of the Session Acts of 1914, which is now section 4356s, 1922 edition of the statutes. That section does attempt to expressly repeal a number of designated sections of the printed statutes, including 2547, but it was held by this court in the cases of Exall v. Holland, 166 Ky. 315; Huston v. Boltz, 169 Ky. 640; Fitzpatrick v. McGinnis, 174 Ky. 600, and Wolf v. Bailey, 184 Ky. 481, that the repealing section (89) of the 1914 act was enacted contrary to the provisions of section 51 of the Constitution in that no reference was made in the title to the 1914 act of the intention to repeal those sections, and

that unless the body of the act repealed any of them by implication they remained unaffected by the express repealing act. There is nothing in the body of that act which could in any wise be construed to repeal section 2547, and under the doctrine of those opinions it must be considered as still in force.

Lastly, it is contended that the judgment was erroneous in ordering the obstructions to be removed from only a width of 16 feet, when section 4288 of the statutes requires public roads to be as much as 30 feet wide. In the first place the statute containing the requirement was enacted after the establishment of the road in contest, and by its express terms does not apply to it. Independently, however, of that fact, defendants may not complain because plaintiffs did not obtain all the relief to which they were entitled, and especially when it is made to appear, as it does in this case, that the road was narrowed in order to avoid taking in a part of a family graveyard and to otherwise damage defendants as little as possible consistent with the substantial maintenance of the public's rights, as well as those of plaintiffs.

Upon the whole case we are constrained to the conclusion that no error was committed prejudicial to the substantial rights of defendants, and the judgment is affirmed.