## Brown v. Roberts et al.

(Decided Dec. 6, 1932.)

JACK E. FISHER and HENRY H. LOVETT for appellant.
W. MIKE OLIVER for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The issue in this case is the right of a citizen to close on his own accord a portion of the state highway where a new road has been constructed in its place.

In rebuilding the state highway between Paducah and Benton, known as federal highway No. 68, a curve was eliminated; the old and new roads forming a crescent or a figure something like an Indian bow. The appellant, William C. Brown, owns the property abutting the old and new roads where they join at the north end. The appellee Frank Roberts owns property at the south junction, and the appellee Charles Edwards' property is in the middle and is wholly on the old road. The distance between the two ends of the road is about 1,300 feet, and the greatest width between the old and new roads is about 150 feet. Brown acquired the small triangular parcel in the north end of the bow, which is about 600 feet long and 75 feet at the widest part. He thus owns the land abutting on both sides of the old road. Upon a portion of this old roadbed he purposed to build a residence and to close the road. The appellees have enjoined him from doing so, and he appeals.

The claimed right to close this road is based upon the law that, where a highway which has been surrendered or dedicated for the public use is abandoned, the entire title in the roadbed reverts to the adjacent landowners, and that this portion of the highway has been discontinued and abandoned by the establishment of the new road in such close proximity to it and the traffic transferred to the new location. Waller v. Syck, 146 Ky. 181, 142 S. W. 229; Williams v. Johnson, 149 Ky. 409, 149 S. W. 821; Henry v. Board of Trustees, 207 Ky. 846, 270 S. W. 476.

Let it be assumed that there was an intention on the part of the public authorities to abandon the old road. Nevertheless it is held that " 'once a public road, always a public road,' unless it is abandoned in the manner pointed out by the statutes enacted for the purpose." Mills v. Dawson, 197 Ky. 518, 247 S. W. 764,

766, and the cases therein cited. It is now specifically provided by statute that:

> "Every public road * * * which has not been lawfully discontinued or vacated shall continue as such, until properly discontinued. * * *"

And further:

> "No public road shall be established or discontinued, or the location thereof changed without due notice thereof having been given according to the provisions of this chapter."

Statutes, secs. 4295, 4298.

Certainly, property holders on the old strip could not be deprived of their easement and right to use the old road for access to their premises by the arbitrary action of another. To sanction this would be to deprive them of property without process of law. Where there has been a substantial deviation in the road, affecting the right of abutting property holders, the old portion of the highway can be closed only when it becomes necessary to do so, and that must be done in accordance with the provisions of the statute. This proposition is considered and elaborated in Illinois Central Railroad Company v. Ward, 237 Ky. 478, 35 S. W. (2d) 863.

The opinion of Waller v. Syck, supra, does not militate against this conclusion. In that case there had been a judicial proceeding according to the terms of the statute for changing a county road. The particular descriptions of the alterations to be made were set forth, and all of the parties had legal notice of the changes. It was only held that in those circumstances no other order of the court was necessary under the statutes then current, but since repealed, to declare the abandoned sections of the old road to have been discontinued and closed; the court proceedings being sufficient to bind all parties.

The appellees were well within their legal rights in seeking to prevent the obstruction and closing of the road, and the judgment of the court sustaining them was proper.

Judgment affirmed.