### Maggard et al. v. Breeding et al.

May 19, 1942.

W. H. Lewis for appellants.

Stephen Combs, Jr., for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The circuit court ordered the appellants, L. P. Maggard and Susan Maggard, to remove a fence across an old public road and enjoined them from again obstructing it. There was considerable evidence heard on the trial and the judge went to the country and viewed the situation, which is not very cleary described in the record. However, the essential facts upon which the judgment was rendered and this decision rests are brief.

Before 1920, J. P. Back owned a body of land on both sides of Sandlick Creek in and along which ran a county road. In that year proceedings were had in the Letcher County Court for the opening of a new road up the creek in which J. P. Back participated as a defendant. The new road substantially runs along the old road, in part on the same right of way. At the point involved in this suit, it was parallel with and several feet north of the old road. It has become State Highway No. 15 between Whitesburg and Hazard. Early in 1926, J. P. Back partitioned his land by deeds among his several children, one of whom is Mrs. Susan Maggard, and the children of his deceased daughter, Mrs. Hennie Adams. Each of the tracts, particularly the two involved, also extended across and was situated on both sides of the creek and the old and new roads. In 1940 Mrs. Adams' children, one of whom is Mrs. Nannie Breeding, appellee, partitioned that parcel among themselves. Mrs. Breeding bought the parcel of one of her sisters adjoining her land. It appears that in this division among the Adams children the part received and now owned by Mrs. Breeding runs down to the old road or perhaps in part beyond to the State Highway, but because of the creek and the steep embankments there is no direct or practical means of ingress or egress to and from the highway. Below this land is that owned by the appellants at which the old and new roads come together. Appellees and their predecessors, the Adamses as joint owners, have been going to and from their land for its cultivation and logging (there being no house on it) over

the old road running through the Maggard tract. Appellants' evidence contradicts this use and indicates appellees have other access to the highway. The defendants enlarged their barnyard and built fences across the old road, which it has been adjudged they had no right to do. The contention of a right to the unobstructed use of the old road by the plaintiffs, now the appellees, is that it was never closed and is still a public way.

In many places the old road was destroyed in the construction of the new highway and the situation is much like that described in Waller v. Syck, 146 Ky. 181, 142 S. W. 229, in which it is held that when the location of a public road is merely changed for a part or all of its distance so that it may be more accessible for travel, there is a legal abandonment of the old way and it is not necessary in the proceeding for opening a new road or changing or discontinuing an existing one that an order should be made closing the old road. Such is the record as well as the condition in the instant case. The pleadings in the Letcher County Court in 1920 had been lost but the orders were proved. They do not show that the discontinuance of the old road was involved. Rather they indicate from the caption that the proceeding was only to establish a new road. But the report of the commissioners, appointed to view the situation and make recommendations as to what compensation should be allowed J. P. Back for the strip of land proposed to be taken for the new road which was ordered established, together with incidental damages, described the character of the land, cost of fencing, etc. The report took into consideration the fact that Back's farm would still be divided by only one road and the new location would be to his advantage for reasons stated. After recommending payment of $540, the report stated: "The county will necessarily abandon the use of the right of way now owned by it, which we find contains 1.1 acres of the same kind and character of land now being taken," and that it was of the value of $25. That sum was recommended to be deducted from the compensation allowed for the new right of way. No further order was made either confirming or rejecting this report. But within a month the Fiscal Court of Letcher County entered an order accepting a proposition to compromise and settle a dispute between Back and the County for $1,000 for the right of way, and that sum was paid him. His deed to the County recites its payment as the consideration and does not

mention the old right of way. Thus there was never any order of the County Court closing the old road.

The case of Waller v. Syck, supra, upon which the appellants rely was decided in 1912. The General Assembly of 1914 enacted a statute governing the public county roads and their establishment. Section 4295 of the Statutes, a part of that Act, declares that every public road "which has not been lawfully discontinued or vacated shall continue as such, until properly discontinued," and "shall in all courts and places be taken and deemed to be a public road * * * whenever the establishment thereof as such may come in question." Section 4298 provides, "No public road shall be established or discontinued, or the location thereof changed without due notice thereof having been given according to the provisions of this chapter."

We have had several recent cases where an old road was deviated from in the construction of a new highway. In Bevins v. Pauley, 257 Ky. 54, 77 S. W. (2d) 408, there had been a county court proceeding to condemn land necessary for the building of a new road, and the commissioners had reported only the value of the property to be taken, saying nothing about the closing of any part of the old road. Following Brown v. Roberts, 246 Ky. 316, 55 S. W. (2d) 9, and other decisions since the enactment of the statute referred to, which distinguish Waller v. Syck, supra, we held that part of a public road can be closed when it becomes necessary to do so, but it must be only in accordance with the provisions of the Statutes.

We are of opinion, therefore, that the judgment is correct.

Judgment affirmed.