## McCreary County Fiscal Court et al. v. Roberts et al.
Dec. 18, 1942.

Tye & Siler, Jas. A. Inman and J. E. Stephens for appellants.

J. C. Bird and B. B. Snyder for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The Department of Highways rebuilt highway 27 between Flat Rock and Wilburg, in McCreary county. In doing so, an arc containing several curves, one railroad grade crossing, and one overhead pass was eliminated. The Cincinnati, New Orleans & Texas Pacific Railroad Company operates the railroad lines over which the old highway crossed. In the order authorizing the new construction, the Department of Highways provided that the grade crossing at Flat Rock be closed as a public crossing but that it be continued as a private crossing for the use of the residents living to the west of the railroad's right of way. After the new portion of the highway was opened to the traveling public, the fiscal court of McCreary county, without notice to the public or to any of the property owners or residents served by the portion of the old road which was eliminated, entered an order purporting to close and abandon the grade crossing at the southern end of the arc. That order, if put into effect, would result in appellee, Tom Roberts and others similarly situated for whom he sues, in being required to travel various distances ranging to a maximum of 8000 feet farther than they formerly traveled in order to reach the postoffice, church, and other places necessary for them to transact their ordinary affairs in the village of Flat Rock.

This action was filed seeking an injunction restraining the fiscal court and the railroad company from carrying out the purposes expressed in the order of the fiscal court. Upon its petition, the State Highway Department was permitted to intervene and participate in the defense of the action. In answer to plaintiff's petition, the fiscal court of McCreary county and the railroad company agreed to not eliminate the crossing if they should be permitted to place gates on both sides at the right of way lines. Plaintiffs objected to the placing of gates at the crossing and argue that such an obstruction will effect a virtual closing of the road, and, for that reason, will not afford them the relief to which they are entitled. Defendants have appealed from an order granting the relief prayed in the petition.

It is contended by appellants that under the provisions of Section 177.120, KRS (Section 4356z-1, Carroll's Kentucky Statutes) the Department of Highways was empowered to eliminate the crossing and under the provisions of Section 177.130 KRS (Section 4356z-2,

Carroll's Kentucky Statutes) the fiscal court was authorized to close and abandon the crossing. Appellee contends that the crossing cannot be closed or abandoned except in the manner provided by Sections 178.080, 178.090, KRS (Sections 4301, 4302, Carroll's Kentucky Statutes) which it is admitted by all the parties was not followed in the instant case. We are of the opinion that the contention of appellees is correct. The sections cited by appellants have no application to the closing or obstructing of a public crossing but provide merely for the substitution of an overpass or underpass for a grade crossing. Those sections provide that when a substitution is made, the Department of Highways may do so after a hearing upon notice served on the railroad company. Such procedure is entirely proper, because, after the substitution is made, the public and those living adjacent to the road will have means of ingress and egress to all parts of the road as adequately as they did previous to the change. But here there was no substitution of an underpass or overpass for the crossing in question. The action here taken substantially blocks appellee's right of ingress and egress. When the closing of a crossing effects such a result, the public and all persons affected have the right to be notified and to be present at a hearing in accordance with the provisions of Sections 178.080, 178.090, KRS. The question was definitely determined by this court in the case of Brown v. Roberts et al., 246 Ky. 316, 55 S. W. (2d) 9, 10, wherein it was said:

"Certainly, property holders on the old strip could not be deprived of their easement and right to use the old road for access to their premises by the arbitrary action of another. To sanction this would be to deprive them of property without process of law. Where there has been a substantial deviation in the road, affecting the right of abutting property holders, the old portion of the highway can be closed only when it becomes necessary to do so, and that must be done in accordance with the provisions of the statute. This proposition is considered and elaborated in Illinois Central R. Co. v. Ward, 237 Ky. 478, 35 S. W. (2d) 863."

Since the procedure provided for in Sections 178.080, 178.090, was not complied with, appellees had the legal right to prevent the obstruction and abandonment of the crossing in question. But we are of the opinion that

530

since the judgment of the chancellor permanently enjoined and restrained appellants from in any manner abandoning, blocking, or altering the crossing, he acted beyond his authority. Upon a return of the case, the court will set the judgment aside and enter another enjoining the defendants from abandoning or blocking the crossing by gates or other obstruction except in the manner provided by Sections 178.080, 178.090 of the Statutes.

Wherefore the judgment is reversed.

Whole Court sitting.