## Sowards v. Commonwealth et al.

March 24, 1944.

O. T. Hinton and L. J .May for appellant.

Jean L. Auxier and Sidney Trivett for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The petition is styled, ''Commonwealth of Kentucky, Pike County and John Wright'' as Plaintiffs v. Frank Sowards as Defendant. There is no reference in the body of the petition to the Commonwealth, no complaint made for or in its behalf, and no authority stated for the representation or participation. The judgment was adverse to the defendant. On his appeal he has included the Commonwealth as an appellee. Under these conditions, the appeal should be and it is dismissed in so far as the Commonwealth of Kentucky is concerned.

The relief sought and granted was to enjoin the defendant from obstructing a public road or public passway. Prior to the construction of a highway, now designated as U. S. No. 23, a public road, or, as it is called in the evidence, a county road, ran along the east bank of Shelby Creek in the vicinity of the village of Myra. The highway was built in 1929 on the west side of the creek. The contractors made some unimproved approaches to the creek at several places in order that it could be forded to give ingress and egress from the property on the east side. Sometime afterward, John Wright became the owner of a small parcel of land. Later, in 1939, Frank Sowards acquired a lot about 150 feet below him and erected a substantial residence on it. He built a rock wall beyond the location of the old road, between it and the creek and filled in behind the wall over the old road to form a part of his yard. Two different foot bridges across the creek for access to the highway were washed out by flood waters. Sowards built a swinging or suspension foot bridge and anchored the cables in his yard in the location of the old road. The cost was $158. There was ample room between the wall and the creek for the passage of vehicles, and it is pretty well established that it was as good if not better than the old site at this point. The suspension bridge was eight feet above this passage. When Sowards had been dismissed by a magistrate after a trial on a warrant procured by Wright, the latter's two sons hastened to the place and tore out a substantial part of the wall and started to destroy the bridge because they interfered with the right of their father and themselves to travel through Sowards' yard in the old location. They had done a similar act in tearing down a fence which Adams, living below, had erected on his own property which obstructed their crossing at that point. Efforts to indict these men were not successful. This suit followed.

The evidence very fully discloses that there had been a practical abandonment of this old road after the new highway was built; that the old location is hardly passable; and that there is no actual need for its existence for the use of Wright or anybody else. His land has no buildings on it. It appears that the court granted the injunction upon the authority of Maggard v. Breeding, 290 Ky. 701, 162 S. W. 2d 523, and other cases holding that under present statutes a county road cannot be legally abandoned without an order of the

County Court closing it. The defendant pleaded in his answer that in 1929, by proper orders, the Pike County Court had changed the location of this road from the east to the west side of the creek. This pleading was not denied. There was no evidence concerning the allegation, so it cannot be said that the parties treated it as traversed. It stands admitted. Under the record, therefore, the court should have dismissed the petition and denied the injunction.

The injunction should have been denied as a matter of equity also. There are no residences along here except Sowards'. There was an actual abandonment of the old way and the only use that has been made of it in recent years was by Wright and his sons passing along the way on a few occasions in front of Sowards'. An approach which existed very close to Wright's land was not used and permitted to grow up and deteriorate. When trouble arose between these men, a neighboring landowner, Green, offered to give Wright a right-of-way over his property out, and the County Judge also proposed to erect another approach for him, but he declined both offers. In short, it seems to us this is a case where a man has sought to invoke a legal right which would be a moral wrong, in that, if successful, he would derive no substantial benefit to himself but cause much inconvenience and expense to his neighbor. While Wright denies it, the evidence both in quality and quantity establishes that when Sowards built his wall, Wright had previously put a fence across the old road at his line and had since then cultivated a part of it. That obstruction continued until a short while before the suit was filed. There is contradiction whether Wright had acquiesced and helped Sowards locate his wall, but there is none that he knew it was being built and took no legal action to stop him. We are of opinion that where the situation with respect to an old public road is such as this, and one party along the way has taken over and appropriated for his own exclusive use that part running through or in front of his property and thus obstructed it, he cannot be heard to complain that his neighbor has done the same thing. He has waived whatever right he had in the public way. The maxim that "He who comes into equity must come with clean hands" is an ancient and favorite precept of the chancery courts. Dunscombe v. Amfot Oil Company, 201 Ky. 290, 256 S. W. 427.

This is but to say. that a litigant may be denied relief in a court of equity on the ground that his conduct has been inequitable. It is based on conscience and good faith in regard to the matter in litigation. American Association v. Innis, 109 Ky. 595, 60 S. W. 388.

The appeal as to the Commonwealth of Kentucky is dismissed. As to Pike County and John Wright, it is reversed with directions to enter judgment in accordance with this opinion.