## WILLIAMS et al. v. WOODWARD.

Court of Appeals of Kentucky.

May 29, 1951.

Luker & Tooms, J. Milton Luker, London, for appellants.

Lewis & Weaver, London, for appellee.

CLAY, Commissioner.

Appellants seek to enjoin appellee from obstructing an old road which traverses the latter's property in Laurel County. The Chancellor refused an injunction.

Prior to 1935, what is known as the Old State or Wilderness Road, following the Daniel Boone Trace, ran through appellee's property, and had been used by the public for a great many years. In 1932 the Legislature had added to the state primary system of highways the section of the road involved. In 1935 the Commnwealth constructed a new paralleling highway at a different location which did not follow the original roadbed.

Soon thereafter appellee erected a fence across the old road at a point where her property adjoined the tract subsequently purchased by appellants. This fence was maintained approximately 14 years. In 1949 appellants purchased the rear part of a tract which abutted on the new highway, and they propose to build a dwelling thereon. There are no other dwellings on the old road in this vicinity, but appellants wish to use it as a means of ingress and egress to their property, and they seek to have appellee remove her fence.

The first question presented is one of pleading. Appellant contends the Chancellor erroneously permitted appellee to file an amended petition, after proof had been taken and the case was submitted, wherein she pleaded the statute by virtue of which

the state took over this road as a part of its primary highway system.

Section 134 of the Civil Code of Practice allows the Circuit Court a broad discretion in permitting amendments, and we find no abuse of it in this instance. The pleading was consistent with appellee's defense, and simply called attention to a statute of which the Court could otherwise have taken judicial notice. From another viewpoint, the amendment conformed the pleading to the proof, which is specifically authorized where it does not change substantially the defense. Even had it changed the defense, appellants, under Section 136 of the Civil Code of Practice, had an opportunity to take further evidence, and they did not request a continuance of the case. It is perfectly obvious that the Court permitted this amendment in the furtherance of justice, and appellants cannot claim prejudice because appellee was allowed to develop fully her defense. See Kentucky Home Mut. Life Ins. Co. v. Hardin, 277 Ky. 565, 126 S.W.2d 427, and Kentucky Home Mut. Life Ins. Co. v. Watts, 298 Ky. 471, 183 S.W.2d 499.

On the merits of the controversy, it is appellants' contention that this was once a public county road, and that it could not be abandoned without formal action taken by the county. It has been held in this state that a county roadway may only be abandoned in the manner prescribed by KRS 178.070. See Maggard v. Breeding, 290 Ky. 701, 162 S.W.2d 523, and Isaacs v. Karnes, 303 Ky. 305, 197 S.W.2d 789. However, when the Commonwealth in 1932 took over this road as a state highway, the complete control of it was vested in the Department of Highways. The state and the Department could thereupon abandon the old roadway without formal action, and its intention to do so is evidenced by the relocation of the new highway.

There are other significant factors showing that this old road was abandoned. After 1935, in addition to appellee, other property owners, through whose land the old roadway ran, likewise built fences and otherwise obstructed it. As a matter of fact, appellants themselves, owning other land in the vicinity, built a fence across it. In effect they actively participated in establishing the abandonment.

It is clear from the evidence that the old roadway has not been used to any substantial extent by the public since 1935; that abutting property owners have treated it as abandoned; and that it has grown up in grass, weeds and trees so as to become impassable. The Chancellor himself viewed the premises, and his opinion confirms these facts.

The action of the Highway Department, coupled with the actions of the abutting property owners and the non-user by the public, constituted a practical abandonment of the old road. See Sowards v. Commonwealth, 297 Ky. 613, 180 S.W.2d 545, and Dixon v. Giles, 304 Ky. 354, 200 S.W.2d 919. Appellants were not entitled to the injunction asked.

The judgment is affirmed.