McKinley FREEMAN and Cora Freeman, Appellants,

v.

Estil DUGGER and Annerea Dugger, Appellees.

Court of Appeals of Kentucky.

Feb. 3, 1956.

J. J. Tye and H. M. Tye, Barbourville, for appellants.

C. B. Pope, Barbourville, for appellees.

CLAY, Commissioner.

This appeal was prosecuted from a judgment declaring that a passway, which appellants had blocked off from public use, was a public road. The Chancellor enjoined appellants from further blocking this passage. It was also adjudged that the boundaries between the property of appellants and appellees abutted this road. Appellants dispute the correctness of both these rulings, and also object to the court's failure to rule on another aspect of the case.

In 1938, and prior thereto, a county road known as Negro Creek Road ran through the farm of one Terrell within a few feet of the east side of his home. In May of that year the county determined to build a new road running through Terrell's farm, parallel to the old road and some 200 feet farther east of his home. Terrell deeded the county the land over which this new road was to be built. During the construction a new passway was also constructed which extended westwardly from the new road, bi-

sected the old county road near Terrell's home, and extended further westwardly some 45 feet to intersect what is known as the Surgeoner Road. Prior to the construction of this passway the Surgeoner Road intersected the old county road at another point some distance north of Terrell's home.

This passway is approximately the boundary line between the land of appellants and that of appellees to the north. It will hereinafter be referred to as the disputed road.

In the same year the new Negro Creek Road was built, Terrell fenced off the old county road which led to the new road further north, making it at least impracticable for the public to pass from the new Negro Creek Road to the Surgeoner Road except by way of the disputed road.

In 1947, the farm was divided and sold, with appellants taking the southern portion and appellees taking the northern. In the early part of 1953, appellants placed a fence across the disputed road denying appellees and others the use of it. Appellees then sought an injunction to prevent appellants from continuing to obstruct this road and for a declaration that it was a public one. Appellants answered, denying that this was a public road and by way of counterclaim asked that it be declared a part of their land and the boundary between their land and that of appellees. They further asked that appellees be enjoined from further blocking the old Negro Creek Road with fences and other obstructions (which originally had been done by Terrell in 1938).

The Chancellor in his judgment granted appellees' request for an injunction, declared the disputed road public, and found that it was the boundary between appellees' and appellants' property. There was no ruling either granting or denying appellants' request for an injunction against appellees' continued obstruction of the old Negro Creek Road.

On this appeal, appellants allege three errors in the judgment of the lower court: (1) The disputed road is private, not public; (2) appellants' boundary does not stop at the disputed road, but, instead, includes this road; and (3) the old Negro Creek Road is still a public road and appellees should have been enjoined from obstructing it.

**1**

Is the disputed road·private or public? The trial court found that it was public and, while the judgment does not show the basis for this determination, it can be sustained on the theory of a dedication of the road to the public interest.

The disputed road was used continually by all who wished to use it from the time it was built in 1938 until appellants closed it in 1953. There is some evidence that the disputed road was regarded as an extension of Surgeoner Road. It was termed by at least one witness as the "new Surgeoner Road". There is no evidence that anyone ever asked for permission to use it.

In Gardner v. Hope, 248 Ky. 270, 58 S.W.2d 353 at page 354, this Court said:

"It is settled in this state that a general and long-continued use of a passway by the public as a right will create the right to continue the use and the owner of the land traversed by the passway who allows the public to use it as a highway for a long period of years under a claim of right will be estopped from denying a dedication to the public. Long-continued user by the public will constitute an implied acceptance of the dedication."

Appellants, in their brief and their questions to witnesses, continually stressed the fact that there was no necessity for the public to use the disputed road. It is said that there are other means of access to the Surgeoner Road. This argument misses the point. The question is not one of necessity, but one of reliance by the public on appearances created by the landowner. If it can be shown that there has been a continual use for such a length of time as to create an estoppel and an acceptance, then the dedication is complete. Riley v. Buchanan, 116 Ky. 625, 76 S.W. 527, 63 L.R.A. 642.

In the present case we have a user by the public for more than 13 years from

which user we may reasonably imply an intention on the part of the landowner to dedicate the passway, and an acceptance by the public. While in some of our cases the doctrine of dedication seems to have been confused with the doctrine of prescription, whereby a private person acquires an easement by adverse user for a period of 15 years, this prescriptive period is not controlling. W. T. Congleton & Co. v. Roberts, 221 Ky. 712, 299 S.W. 579; 16 Am.Jur., Dedication, Section 50. Nor is formal acceptance by public officials necessary to complete the dedication. Riley v. Buchanan, 116 Ky. 625, 76 S.W. 527, 63 L.R.A. 642. (While some of our cases involving obligations of governmental units and other considerations appear inconsistent with the Riley case, we believe that case is sound law in Kentucky on the question of dedication and acceptance by the public.)

■ We are of the opinion the proven use of this disputed road meets the requirements of dedication by estoppel, and the trial court properly decided this issue.

### 2

Appellants contend their deed and that of appellees clearly show the disputed road is on their property and is the boundary line between the two properties. Appellees maintain that the two deeds call for each piece of property to abut the disputed road. The Chancellor agreed with appellees.

The descriptions in the two deeds are poor indeed. The description in appellants' deed was so inaccurate that their surveyor in running appellants' line along the new Negro Creek Road included not only the disputed road but also all of appellees' property abutting on the former road. Appellees' surveyor, however, using the same deeds, found that the line of each party went along the new Negro Creek Road *to* the disputed road, and there stopped.

In reading the deeds it is difficult to see how either of these conclusions could be correct. Appellees' deed calls for their line along the new Negro Creek Road to go "to a stone corner *at* the road". Appellants'

deed calls for their line along this same road to go "to a stone *in* the road". This would seem to indicate that the two lines meet and are not separated by a road. The difficulty is that no one ever indicated where this stone was located. From the record, one cannot tell whether the stone is to the side of the road or in the road. If, as is more likely, it is on the side of the road, which side of the road is it on?

The only other evidence on the question of the boundary is that furnished by the litigants themselves. Appellees insist that it was the understanding of the parties that the road was to be the dividing line. Appellants just as stoutly maintain that it was agreed they should have the road.

■ The conclusion to be drawn from the above discussion is that the judgment erroneously fixed the boundary. It must be reversed for this reason, and the Court may hear further proof on the location of the stone marker.

### 3

■ It is argued by appellants that the old Negro Creek Road was never abandoned or discontinued in the manner prescribed by KRS 178.070. This, it is said, is the only way that a county road may be abandoned or discontinued. This contention is clearly correct. In Maggard v. Breeding, 290 Ky. 701, 162 S.W.2d 523, 524, we said:

> " * * * part of a public road can be closed when it becomes necessary to do so, but it must be only in accordance with the provisions of the statutes."

See also Brown v. Roberts, 246 Ky. 316, 55 S.W.2d 9.

The trial court did not rule on this issue. We believe the question should be passed upon, and if the old road has not been legally abandoned, appellees should be enjoined from obstructing it. This, of course, would not prejudice their right to take proper proceedings to close the road.

The judgment is affirmed in part and reversed in part for consistent proceedings.