Alex HYLTON and Marcella Hylton, Appellants,

v.

W. K. BELCHER, Appellee.

Court of Appeals of Kentucky.

May 11, 1956.

E. J. Picklesimer, Francis M. Burke, Pikeville, for appellants.

J. Ervin Sanders, Pikeville, for appellee.

CLAY, Commissioner.

This action was brought by appellee Belcher to quiet his title to a portion of an old county road and to enjoin its obstruction by appellant Hylton. The two parties owned land on opposite sides of the roadway. By counterclaim Hylton likewise claimed title. The special judge who tried the case adjudged title in Belcher, apparently on the basis of a quitclaim deed from Pike County.

The quitclaim deed from Pike County to Belcher was executed in 1943, and the description included all of the old county road that adjoined Belcher's property. There is no showing that the county had ever acquired title to this land. Assuming the county at one time had some interest in the road, such interest will be presumed to be only an easement for public use and not a fee. Waller v. Syck, 146 Ky. 181, 142 S.W. 229; Charles v. Phillips, 179 Ky. 838, 201 S.W. 313. Therefore appellee Belcher failed to establish his title to the old county road by virtue of this deed.

Belcher also claimed title by virtue of a deed dated November 7, 1934, acknowledged November 6, 1934, from one Clevenger. This conveyance, however, conveyed only to the *center* of the road, and that was the extent of Clevenger's ownership under a deed from one Epling, who is the common source of title. Belcher thus failed to establish his title to the entire roadway, and the judgment was erroneous in this respect.

Hylton's claim is based upon a deed dated November 1, 1934, acknowledged November 7, 1934, from this same Epling. This deed purported to convey the whole of the county road. However, Epling had long before, in 1928, conveyed to Clevenger the opposite land "to the county road". In the absence of language to the contrary, a conveyance of land bordering on a public highway conveys title to the center of the highway. Hensley v. Lewis, 278 Ky. 510, 128 S.W.2d 917, 123 A.L.R. 537. Therefore, Epling had at a prior time conveyed the opposite half of the roadway to Clevenger, who was Belcher's predecessor in title. Under the deed from Epling to

Hylton, the latter only acquired title to half the roadway on his side.

It follows from what has been said above that each of the parties owned to the center of the road.

█ Hylton also claims the whole road by virtue of adverse possession. Assuming Hylton's claim of adverse possession could properly be asserted, the evidence was highly conflicting as to its nature and extent. The Chancellor found that the claim was not proven, and we cannot say that such finding was clearly erroneous.

The foregoing discussion disposes of the question of the boundary line between the parties. Still undisposed of is whether or not Belcher may properly enjoin Hylton from obstructing this roadbed.

█ No proof was introduced by either party to show that this county road had been legally abandoned, although recitals in the quitclaim deed from Pike County to Belcher indicated it may have been. Abandonment would require the taking of the proper statutory steps. Brown v. Roberts, 246 Ky. 316, 55 S.W.2d 9; Maggard v. Breeding, 290 Ky. 701, 162 S.W.2d 523; Freeman v. Dugger, Ky., 286 S.W.2d 894.

█ If the road has been legally abandoned, the abutting property owner still retains a private easement over the roadbed to the extent that it is required to allow him a reasonable means of ingress and egress. Stein v. Chesapeake & O. Ry. Co., 132 Ky. 322, 116 S.W. 733; Chesapeake & O. Ry. Co. v. Eastham, 249 Ky. 136, 60 S.W.2d 361; Cranley v. Boyd County, 266 Ky. 569, 99 S.W.2d 737.

This litigation appears to be a tempest in a teapot since a rather insignificant strip of land is involved. If the parties wish to pursue the controversy further, it will be necessary that evidence be introduced on the question of abandonment and the extent to which the obstructions interfere with Belcher's right to use the roadway.

The judgment is reversed for consistent proceedings.