ILLINOIS CENTRAL RAILROAD COMPANY, Appellant,

v.

HOPKINS COUNTY, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

June 28, 1963.

------◆------

Mills, Spain & Mitchell, Maubert R. Mills, Madisonville, for appellant.

Laurence T. Gordon, Nichols & Nichols, Earle M. Nichols, Madisonville, for appellees.

WILLIAMS, Judge.

Hopkins County instituted an action against Illinois Central Railroad Company and Dawson Collieries, Inc., in the Hopkins Circuit Court. The action against Dawson Collieries, Inc., was dismissed, but Illinois Central Railroad Company was directed to construct approaches and a crossing over its right of way at the point where the Union Temple-Dawson Springs Road intersects the railroad. Appeal from that portion of the judgment is taken by Illinois Central Railroad Company.

The primary question involves the right of Hopkins County to maintain this action. The appellant insists that the road in question is not a county road and, consequently, the county should not have been permitted to bring the action. The trial judge found that the road is a county road under the authority of KRS 178.010(b), which provides:

" 'County roads' are all public roads outside of incorporated cities, except primary roads and Federal parkways."

About 1925, the Illinois Central Railroad Company abandoned an east-west roadbed and constructed a new line some distance away. Up to the time the old railroad right of way was abandoned there was a regularly traveled public road running roughly parallel to the railroad from Union Temple to Dawson Springs. After the roadbed was abandoned and the tracks and ties removed, the public commenced to use it as a highway and discontinued use of the old road which ran parallel to it. A north-south spur line intersects the old public road and the old railroad right of way, and a trestle has been erected at the intersection.

Illinois Central insists the Union Temple-Dawson Springs Road is not a county road because it has not been established as such by order of court. Hopkins County, on the other hand, maintains that the long continued use by the public, and maintenance by the county, created a legal acceptance and, consequently, it is a county road. Admittedly, the road has not been established as a county road by order of court, but it has been in use as a public road at least since 1925. There is a serious question whether the county has ever taken control of and maintained the road. The evidence shows that any maintenance by the county was at most sporadic and insignificant in extent.

In 1925, when the old road was discontinued and the public started using the abandoned railroad right of way, no action was taken by the county to discontinue or alter the old road. In Chapter 178, KRS, the steps are enumerated which must be taken when a county road is established or discontinued, or the location thereof changed. In Rose v. Nolen, 166 Ky. 336, 179 S.W. 229, this Court specifically ruled that, before a road open to the public shall be recognized as a county road, it must have been established by order of court. That case was decided in 1915, one year after the present law setting up the method of establishing county roads was enacted. It was said there that the statute was intended to make appropriate action by the county necessary to the establishment of a road as a part of the road system of the county.

**118**

In Louisville & N. R. Co. v. Engle, 278 Ky. 576, 129 S.W.2d 133, we said that a public road may be established only in the manner provided by statute, or by dedication to the public use and acceptance by the proper authorities as a public road. And in Louisville & N. R. Co. v. Whittle's Adm'rs, 216 Ky. 314, 287 S.W. 894, it was held that neither dedication nor acceptance need be formal, but there must be acts of control on the part of the county court such as the appointment of overseers, etc., before the road could be classified as a county road.

Appellees cite several cases which establish the fact that a road may become a public road without any formal acceptance by governmental authorities. The Union Temple-Dawson Springs Road has been used continuously for many years and is in fact a public road. That fact alone, however, is not sufficient to establish a right in the county to maintain an action such as this one. Before a county can have such right the road must have been accepted by the county as a "county road."

The statutes setting up the procedure for establishing a county road have been in effect since 1914. We can conceive of no reason why they should not be followed. Of course we realize that, before the time when adequate records were kept, it was reasonable to assume that a road had been accepted by a county when the county had as a matter of fact maintained and controlled the road for a long period of time. At the present time there is no reason why the records of the county should not indicate whether or not a public road has been accepted as a county road.

There has been a failure by the county to show through its orders that the Union Temple-Dawson Springs Road has been established as a county road. Consequently, the county had no right to maintain this action.

The judgment is reversed.