Johnny K. **BLANKENSHIP,** Appellant,

v.

Claude J. **ACTON;** Janie Acton, His Wife; and Stephen Acton, Appellees.

No. 2003–CA–000903–MR.

Court of Appeals of Kentucky.

April 30, 2004.

As Modified May 14, 2004.

Case Ordered Published by Court of Appeals June 25, 2004.

Discretionary Review Denied by Supreme Court April 13, 2005.

James H. Moore, III, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, PLLC, Ashland, KY, for appellant.

John G. Prather, Jr., Winter R. Huff, Scott T. Foster, Law Office of John G. Prather, Somerset, KY, for appellee.

Before COMBS, DYCHE, and KNOPF, Judges.

## OPINION

KNOPF, Judge.

Johnny K. Blankenship appeals from a judgment of the Pulaski Circuit Court which enjoined him from blocking access to an old public road. We agree with Blankenship that a public road which is not a county or state road may be abandoned without formal governmental action. However, the trial court also correctly found that Blankenship did not have a right to obstruct the Actons' use of the road. Hence, we reverse in part, and affirm in part.

The material facts of this case are not in dispute. The appellant, Blankenship, and the appellees, Claude J. Acton, Janie Acton, and Stephen Acton (the Actons), own property located on or near Kentucky Highway 39 in the Woodstock community of Pulaski County, Kentucky. Kentucky Highway 39 is a paved, two-lane, state-maintained highway that runs from Somerset, Kentucky north through Crab Orchard, Kentucky in Lincoln County and beyond.[1] It was built in or around 1931 to

---

1. According to the official Kentucky Highway map, Kentucky Highway 39 continues north from Crab Orchard to Lancaster in Garrard County. From Lancaster, Kentucky Highway 39 continues north through Garrard County as a state secondary road as far as Buckeye,

replace a narrow, unpaved road of ancient origin, which was known in Pulaski County as the "Somerset and Crab Orchard Road" or "the Crab Orchard Road." After the construction of Kentucky Highway 39, remnants of the old road became known as the "old Crab Orchard Road." The parties agree that the Somerset and Crab Orchard Road was a public thoroughfare, and that prior to 1931, it was recognized to be the main highway between Somerset in Pulaski County and Crab Orchard in Lincoln County. However, there was no evidence that it was ever officially adopted or maintained by Pulaski County as a county road, nor was there any evidence that the original road was maintained by the state.

Kentucky Highway 39 closely follows the path of the older road it replaced. In some sections, Kentucky Highway 39 was placed directly over the old roadbed. In other sections, it deviated from the course of the old roadbed so as to reduce the severity of curves and mitigate the grade to accommodate the increasing use of automobiles on the highway instead of horse drawn vehicles. Unlike the old roadway, the new roadway is paved with a hard surface. No formal action has ever been taken to close the remnants of the old Crab Orchard Road.

The dispute between the parties arises over the use of a remnant of the old Crab Orchard Road which was bypassed by Kentucky Highway 39. Blankenship and the Actons each own tracts which adjoin a remnant of the old Crab Orchard Road on opposite sides. Since the construction of the new road, that section of the old highway has not been used as a public thoroughfare, but has mainly been used to

provide access from the new highway to the Actons' land so that timber and farm crops could be hauled out and fertilizer could be hauled in. There has also been some isolated use of the road by hunters and other persons.

Blankenship acquired his property in June of 1999. After moving onto his property, Blankenship was troubled by vehicles venturing onto the roadbed late at night. He suffered a theft from his property, which he attributes to the accessibility to his property provided by the old roadbed. In an effort to eliminate that accessibility, Blankenship placed a load of dirt on the roadbed, rendering it impassible.

In response, the Actons filed an action in Pulaski Circuit Court seeking to enjoin Blankenship from obstructing access to the road. Blankenship asserted that the road had long since been abandoned and no longer remained a public road. Following a bench trial, the trial court rendered findings of fact, conclusions of law, and a judgment granting an injunction against Blankenship. The trial court concluded that the old Crab Orchard Road was once a public road, and under KRS 178.020 and 178.050, is presumed to remain a public road unless discontinued by formal governmental action. The trial court further noted that there was no evidence that the old road had once been a part of Blankenship's land. Consequently, even if the road had been abandoned, the trial court concluded that Blankenship had no right to block the old roadbed. Blankenship now appeals.

■ The central question in this case is whether a public road may be abandoned without formal governmental action. The Actons cite *Mills v. Dawson*,[2] *Brown v.*

and as a rural road to the Kentucky River. The highway does not cross the river, but resumes on the other side in Jessamine County, where it terminates in Nicholasville. *http://www.kytc.state.ky.us/planning/maps/offi-* *cialmap/ 03_KYhwymap_official.pdf* (Accessed February 4, 2004).

2.  197 Ky. 518, 247 S.W. 764, 766 (1923).

*Roberts*,[3] and *Maggard v. Breeding*,[4] for the proposition that once a road is a public road, it always remains a public road unless it is abandoned in the manner stated in the statutes enacted for the purpose. However, these and other older cases use the terms "county road" and "public road" interchangeably.[5] In fact, prior to its 1964 amendment, KRS 178.010 defined county roads as "all public roads outside the incorporated cities, except primary roads and federal parkways," but the current version of KRS 178.010(1)(b)defines "county roads" as "public roads which have been accepted by the fiscal court of the county as a part of the county road system, . . ." [6]

In *Sarver v. County of Allen*,[7] the Kentucky Supreme Court discussed the distinction between "county roads" and "public roads" as follows:

> Prior to 1914 it was recognized that an "acceptance" by the county could be accomplished informally, e. g., by maintenance of the road at county expense. *Riley v. Buchanan*, 116 Ky. 625, 76 S.W. 527, 528, 25 Ky.Law Rep. 863, 63 LRA 642, 3 Ann.Cas. 788 (1903). Since the enactment of Ch. 80, Acts of 1914, however, a formal order of the fiscal court has been necessary to establish a county road. *Rose v. Nolen*, 166 Ky. 336, 179 S.W. 229, 230 (1915); *Illinois Central Railroad Co. v. Hopkins County*, Ky., 369 S.W.2d 116, 118 (1963). Otherwise, though a road may be "public," it is not

necessarily a "county road." *Ibid*. The obvious reason for this particular distinction is, of course, a public policy against holding counties responsible for the upkeep of any and all highways and biways that chance to become "public" through processes of dedication or prescription over which the counties have no choice or control.

As KRS 178.010(b) necessarily implies, most "county roads" were "public roads" before they were accepted as county roads, but it is not necessary that this be so, because a county is statutorily empowered to lay out and establish a county road before acquiring the necessary right-of-way from the owners of the property over which it will be opened. Cf. KRS 178.080.[8]

The Court in *Sarver* went on to hold that while a county road is necessarily a public road, not all public roads are county roads. Consequently, a county road adopted by formal action after 1914 may only be abandoned by formal governmental action, but a public road that is not a "county road" can be abandoned without formal action. The Court further held that non-use of a public road for over fifteen years constitutes an abandonment of that status.[9]

The trial court relied on KRS 178.020, 178.025, 178.050 and 178.070 to conclude that formal governmental action is necessary to discontinue a public road. Howev-

3. 246 Ky., 316, 55 S.W.2d 9, 10 (1932).

4. 290 Ky. 701, 162 S.W.2d 523, 524 (1942).

5. In *Mills v. Dawson, supra*, the Court referred to the road at issue as a public road, but then discussed how the road had been dedicated to the county shortly after it was established. 247 S.W. at 765. Similarly, the roads at issue in *Williams v. Woodward*, Ky. 240 S.W.2d 94 (1951), *Maggard v. Breeding, supra*, and *Brown v. Roberts, supra*, had been state or county-maintained roads. *See also*

*Freeman v. Dugger*, Ky., 286 S.W.2d 894 (1956).

6. *See City of Pioneer Village v. Bullitt County ex rel. Bullitt Fiscal Court*, Ky., 104 S.W.3d 757, 760 (2003).

7. Ky., 582 S.W.2d 40 (1979).

8. *Id.* at 41.

9. *Id.* at 42–43. *See also Cole v. Gilvin*, Ky. App., 59 S.W.3d 468, 475 (2001).

er, KRS 178.020, 178.050 and 178.070 address the establishment or discontinuance of county roads. KRS 178.025 addresses only the establishment of public road, not its discontinuance. Thus, these statutes are not applicable to this case.

■ The Actons also rely on KRS 178.116, which was enacted shortly after the Supreme Court rendered the *Sarver* opinion and provides for discontinuance of a county road, or a road formerly maintained by the county or state.[10] *Sarver* indicates that acts by county officials in improving or maintaining a road do not constitute a continued public use sufficient to negate abandonment.[11] In contrast, KRS 178.116(1) requires formal action to discontinue "[a]ny county road, or *road formerly maintained by the county or state.*" The Actons correctly note that the old Crab Orchard Road was clearly a public road. However, the trial court specifically noted that there was no evidence that the old Crab Orchard Road had been officially adopted or maintained by Pulaski County as a county road, nor was there any evidence that the road had ever been maintained by the state or the county. Consequently, KRS 178.116 does not modify the rule set out in *Sarver*—a public road that is neither a county road nor a road that was previously maintained by the county or state may still be discontinued by abandonment without formal governmental action.

■ Nevertheless, we conclude that the trial court properly enjoined Blankenship from obstructing the Actons's access to the road. Even if the old Crab Orchard Road has lost its status as a public road, Blankenship failed to prove that this section of the road reverted to his tract of land. As the trial court noted, Blankenship's deed describes the eastern right-of-way of the old Crab Orchard Road as the boundary of his property, and he presented no evidence that the old Crab Orchard Road had once been part of the land owned by him or his predecessors in title. Thus, Blankenship failed to prove that the roadbed would have reverted to his tract, rather than the tract owned by the Actons.

10. KRS 178.116 provides as follows:
    (1) Any county road, or road formerly maintained by the county or state, shall be deemed discontinued and possession shall revert to the owner or owners of the tract of land to which it originally belonged unless at least one (1) of the following conditions exits:
    (a) A public need is served by the road;
    (b) The road provides a necessary access for a private person;
    (c) The road has been maintained and policed by the county or state within a three year period.
    (2) If the only condition which exists is for a necessary access for a private person, by a joint petition of all parties entitled to such access, the road shall be deemed discontinued and possession shall revert to the owner or owners of the tract of land to which it originally belonged
    (3) If the only condition which exists is for a necessary access for a private person, by joint petition of all parties entitled to such access, the road shall be closed to public use but remain open in accordance with its condition and use for the access of the private parties involved.
    (4) If a county road has been discontinued under the provisions of KRS 178.070, then by a joint petition of all private parties entitled to necessary access the road shall be closed to public use but remain open in accordance with its condition and use for the access of the private parties involved, or by a joint petition of all parties entitled to necessary access the road shall revert to the owner or owners of the tract or tracts of land to which it originally belonged.
    (5) For the purposes of this chapter "necessary access" shall be construed to include access to any farm, tract of land, or dwelling, or to any portions of such farm, tract of land, or dwelling.

11. *Sarver*, 582 S.W.2d at 43.

Accordingly, the judgment of the Pulaski Circuit Court is reversed insofar as it declares the old Crab Orchard Road to be a public way, but is affirmed to the extent that it enjoins Blankenship from obstructing the Actons' access to the road.

COMBS, Judge, concurs.

DYCHE, Judge, concurs in result.